Ernest W. ROGERS, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 49S00–8605–CR–433.

Supreme Court of Indiana.

Dec. 18, 1986.

George K. Shields, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Ernest W. Rogers was convicted at the conclusion of a bench trial in the Marion County Superior Court of burglary, a class B felony; and theft, a class D felony. He was sentenced to fifteen (15) years for burglary and four (4) years for theft, to be served concurrently. On direct appeal, the sole issue is the sufficiency of the evidence.

At approximately 2:30 a.m. on May 27, 1985, Mark A. Gibbon and Brian G. Brown were fishing at the Lake Merlin Apart-

ments. They observed an individual wearing a white shirt with a dark, horizontal stripe across its front, standing near the outside of Janis K. Strohl's apartment. Strohl was out of town. Gibbon and Brown heard the sound of breaking glass. They observed the individual for approximately thirty (30) minutes, as they saw the lights being turned on and off in Strohl's apartment. Gibbon and Brown saw the individual walk out of Strohl's apartment, carrying a number of items in his arms. Shortly thereafter, the individual disappeared from their sight, and Gibbon and Brown saw a white vehicle with a red top drive up to the clubhouse, park for a few seconds, and then drive off. As the vehicle proceeded to the only entrance and exit of the complex, Marion County Deputy Sheriff Greg Monroe pulled the car over because it matched the description he had received over his radio concerning a possible burglary. Furthermore, the driver's white shirt with a dark, horizontal stripe, matched the description of the burglary suspect. The individual, subsequently identified as Appellant Ernest W. Rogers, was asked for identification. He produced a fishing license issued in the name of Kenson Rogers. Gibbon and Brown were brought to the scene of Appellant's apprehension, and identified the vehicle as looking like the vehicle they had seen. Although they could not identify Appellant by his face, they stated that his clothes matched those of the individual they had observed earlier. Marion County Deputy Sheriff William Harrison proceeded to Strohl's apartment, and discovered a television, microwave oven, and suitcase, sitting on the ground outside Strohl's apartment, and an open jewel box on Strohl's bed. A window to Strohl's apartment, apparently the point of entry, had been broken. Appellant was arrested, read his *Miranda* rights, and taken to the police station. He indicated he understood his rights, signed a waiver form in the name of Kenson Rogers, and made a statement. He told the police he had been fishing when a young, white male asked him to act as a lookout for him while he "ripped this guy

off who owed him something or had ripped him off." Appellant admitted he agreed to act as a lookout and that he entered Strohl's apartment and followed the other individual from room to room. He further stated he was to meet the individual later that evening to get something for acting as a lookout. Appellant admitted he was aware that the individual was going to burglarize Strohl's apartment.

Where sufficiency of the evidence is challenged on appeal, we do not weigh the evidence or judge the credibility of the witnesses; rather, we look to the evidence most favorable to the State, and all reasonable inferences therefrom. If a substantial body of probative evidence is found from which the trier of fact could infer guilt beyond a reasonable doubt, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. The above-stated evidence is clearly sufficient to support convictions for burglary and theft.

To prove burglary, the State was required to show that Appellant broke and entered Janice Strohl's apartment, with intent to commit a felony. Ind.Code § 35–43–2–1 (Burns 1985). To prove theft, the State was required to show that Appellant knowingly or intentionally exerted unauthorized control over property of Janice Strohl, with intent to deprive her of any part of its value or use. Ind.Code § 35–43–4–2 (Burns Supp.1985). Furthermore, we have held that circumstantial evidence alone is sufficient to prove these elements. *Correll v. State* (1985), Ind., 486 N.E.2d 497, 500. Moreover, it is well established that an accomplice is criminally responsible for everything done by his confederate which is a probable and natural consequence of their common plan. *Manns v. State* (1985), Ind., 472 N.E.2d 918, 921.

Applying our law to the facts of the present case, it becomes clear that the trial court had every reason to infer that Appellant broke and entered Strohl's apartment with the intent to commit a theft, and that he did indeed knowingly or intelligently exert unauthorized control over her proper-

ty, with the intent to deprive her of its value or use.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.