James E. DUNLAP, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00-8712-CR-1191.

Supreme Court of Indiana.

Dec. 15, 1988.

George K. Shields, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy L. Stone, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A bench trial resulted in the conviction of appellant of Burglary, a Class B felony, for which he received a sentence of thirteen (13) years, and Theft, a Class D felony, for which he received a sentence of three (3) years, the sentences to run concurrently.

The facts are: On January 8, 1987, Mary Rollings looked out her back door and saw appellant and another man walking down the alley. Appellant was carrying a large garbage bag and the other man was carrying what appeared to be a television set or microwave oven. Wayne Linville, another resident in the neighborhood, saw appellant carrying the trash bag into a vacant house at 3116 East Michigan Street in Indianapolis. Linville called the police.

In the meantime, Police Officer Giordano had responded to a report of a burglary in that neighborhood. He discovered the burglarized house to be the home of Scott Conrad who, when he arrived at the scene, furnished the police officer with a list of missing items. He listed a television set, a cassette player, a microwave oven, and a reel-to-reel tape player.

Police Officer Danny Miller also responded to the call and as he neared the area he saw a person matching the description of one of the burglars. When the man saw the police car, he ran around the house. The officer stopped his car and subsequently found appellant hiding in some bushes. Appellant was arrested and given his *Miranda* warnings by Detective Snow. Upon questioning, appellant admitted to Detective Snow that he was involved in the burglary and theft and that he was one of the persons carrying items down the alley.

He explained his involvement by stating that he had met a man known only to him as John at the Village Pantry. John told appellant that he was going to "rip off a friend of his who had ripped him off earlier" and was going to break into the house and steal items and asked appellant if he would help. Appellant agreed to do so. Appellant claimed John broke into the house in question and that appellant followed John into the house and helped carry items down the alley to the vacant house where they were recovered and identified by Conrad as items taken from his home. Both Mrs. Rollings and Mr. Linville identified appellant as one of the two persons they saw carrying items down the alley.

Appellant claims there is insufficient evidence to sustain the finding of the trial court. He takes the position that the evidence only shows that he was near the scene of the crime, and there is no direct evidence that he either entered the Conrad home or that he took any items therefrom. He takes the position that the testimony of Detective Snow concerning his incriminating statement following his arrest is incredible and should not be believed. Although Snow testified that he gave appellant his *Miranda* warnings and he indicated he understood them, appellant contends because there was no written waiver signed by him the statement should not be received in evidence. What appellant in reality is doing is asking this Court to weigh the credibility of the testimony of Detective Snow. This we will not do. *Rogers v. State* (1986), Ind., 501 N.E.2d 433.

Appellant also claims that the testimony of Rollings and Linville should not be believed because their testimony was "rambling" and because they could not testify as to the contents of the garbage bag appellant was carrying when they saw him walking down the alley. Here again appellant is asking this Court to weigh the testimony of the State's witnesses. This we will not do. There is ample evidence in this record to sustain the decision of the trial court.

Appellant contends the trial court committed reversible error in sentencing him to more than the presumptive sentences for the charged crimes. He takes the position that the trial judge did not give sufficient reasons for enhancing the burglary sentence from the presumptive ten (10) to thirteen (13) years and the theft conviction from the presumptive two (2) years to a three (3) year sentence. However, the record shows the trial judge stated that he was enhancing the sentence due to appellant's prior criminal activity as demonstrated by the presentence report.

The trial judge specifically alluded to Cause Number CR83-268C, which was a conversion conviction rendered in 1983. The presentence investigation report shows that the initial charge in that cause was a robbery in which appellant and an accomplice robbed the clerk in a market while armed with a handgun. The judge also referred to Cause Number CR86-277B in the presentence report, which was also a robbery committed while appellant was under parole supervision. There is ample evidence in this record to justify the enhanced sentences.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.