Mark A. PINKSTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 02S00–8711–CR–1020.

Supreme Court of Indiana.

Jan. 12, 1989.

Bruce S. Cowen, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Wendy L. Stone, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a conviction of appellant of Burglary, a Class B felony, for which he received a sentence of fifteen (15) years to run concurrently with other sentences he had received on the same date as a result of other charges.

The facts are: On September 5, 1986, Beth Ann Troxell received a call at her place of employment concerning a possible burglary of her home. When she arrived home, she found that a front window had been pried open and several electronic appliances had been removed from her home. On the 23rd of September 1986, Fort

Wayne Detective Steven Schulien was questioning appellant concerning several burglaries within the city. Appellant had been read his *Miranda* warnings and had signed a statement waiving such rights.

During the course of the conversation, appellant informed Detective Schulien that he could direct him to one of the houses he had burglarized. The detective and appellant then drove to the residence, later identified as that of Miss Troxell, where appellant told the detective that he had entered the home through a front window and remembered taking stereo equipment and a television set from the house. When the detective and appellant arrived back at the police station, the detective checked police records and found that there had in fact been a burglary at that location on September 5, 1986.

Appellant claims there was insufficient evidence to support the verdict of the jury in that there was not sufficient evidence that he was the person who committed the burglary. On cross-examination, Detective Schulien was asked whether appellant merely told him that he knew that a burglary had been committed at that residence but did not admit he was the one who perpetrated the burglary. However, Detective Schulien denied that such was the situation. Detective Schulien's testimony was placed before the jury and was clearly sufficient to support the jury's finding of guilty. Under such circumstances, this Court will not invade the province of the jury. *Rogers v. State*, (1986), Ind., 501 N.E.2d 433.

The Trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.