**Stanley WATKINS, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 783S267.

Supreme Court of Indiana.

Oct. 12, 1984.

John P. Avery, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Latriealle Wheat, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Stanley Watkins, was charged with attempted murder and burglary and was convicted at a bench trial of burglary, a Class A felony, Ind.Code § 35–43–2–1 (Burns 1984 Supp.). He was sentenced to the Indiana Department of Correction for a period of twenty-five years. In this direct appeal he claims there was not sufficient evidence on all the elements of the offense to support the verdict of the jury.

A brief summary of the facts from the record most favorable to the state shows that Mary Jones, a recent widow, was awakened by the sound of papers rattling in her bedroom closet at approximately 5:30 a.m. one morning. She turned over in bed and saw a man holding a long knife come toward her. He threatened to "cut her heart out" if she screamed, but she screamed anyway. The man stabbed Jones in the left chest and in the back and Jones hit the man with a chair.

Brenda Dye, Jones's niece, was sleeping in the den and ran to her aunt's bedroom when she heard the screams. Dye tried to grab the man and in the struggle knocked a plate from the wall. She picked up a piece of the broken plate and began stabbing the man with it. Eventually, the man ran toward the back door in an effort to escape but could not get out because there were many locks on the door. The man then ran down the basement stairs. The police arrested defendant a few minutes later while he was sitting on a porch a short distance from Jones's house. He was bleeding from several wounds and a trail of blood led directly to Jones's basement window. The window had been broken inward where the glass fell on a couch. A television set was found on the floor rather than on its stand. Defendant testified that he and three companions had been drinking beer and wine and smoking marijuana prior to the commission of the crime.

Defendant first contends that he presented sufficient evidence to show that he was too intoxicated at the time of the crime to have formed the requisite intent. Defendant and two of his companions all testified that they and another young man had been drinking beer and wine and smoking marijuana from approximately 8:30 p.m. until about 5:00 a.m. shortly prior to the time of the instant crime. One of defendant's companions testified that defendant may have consumed as much as nine beers, some wine and two marijuana cigarettes. Both companions testified that defendant was intoxicated that night.

■ It is true that a defendant in Indiana can offer a defense of voluntary intoxication to any crime. *Terry v. State*, (1984) Ind., 465 N.E.2d 1085. However, the evidence must show that a defendant was incapable of performing acts which require a significant degree of physical or intellectual skills before a trier of fact is justified in finding that he was not responsible for his actions because of his intoxication. *Id.* at 1088.

■ In this case, defendant was able to climb through a basement window two times, run up and down the stairs in the house, converse with his companions, threaten the victim with a knife, and search through a closet for valuables. This was sufficient evidence before the trier of fact that defendant had the requisite *mens rea* for Class A burglary.

■ Defendant also argues that since the court found him not guilty on the attempted murder charge because of lack of

intent, he could not have had the requisite intent to commit the burglary. There is no merit to this contention. The crimes of attempted murder and burglary involve different actions and therefore different intentions relevant to the acts involved. The court here explained: "I don't really think he attempted to kill the woman either. I think she was injured in the melee as a result of the surprise and the shock of finding somebody in her house . . . ." This finding was not based upon defendant's degree of intoxication, so the fact that there was no intent to commit murder is not relevant to prove that defendant was too intoxicated to have the requisite *mens rea* to commit burglary.

Defendant next contends that there was not sufficient evidence of a breaking to support the inference that he illegally entered Jones's house. It is axiomatic that on any sufficiency issue as a court of review we will neither judge the credibility of witnesses nor reweigh the evidence. We will look only to that evidence most favorable to the state and all reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, the verdict will not be overturned. *Arnold v. State*, (1984) Ind., 460 N.E.2d 494; *Muse v. State*, (1981) Ind., 419 N.Ed.2d 1302; *Wofford v. State*, (1979) 271 Ind. 518, 394 N.E.2d 100. The triers of fact may draw reasonable inferences from facts established either by direct or circumstantial evidence, and a guilty verdict may be based solely upon circumstantial evidence. *Thompson v. State*, (1982) Ind., 441 N.E.2d 192; *Harris v. State*, (1981) Ind., 425 N.E.2d 112.

Here, the record shows that both the front and back doors to Jones's house were securely locked at the time of the crime. The police found one basement window had been broken inward so that glass was on the couch inside. Defendant admitted that he entered the house through the basement window. Since the element of breaking into the house may be established by circumstantial evidence, this was sufficient evidence from which the trier of fact could reasonably infer that defendant broke the basement window to·gain entry to Jones's house.

Defendant also argues that there was no evidence to show that he was present in Jones's house without her consent. There is no merit to this contention since both doors to the residence remained locked and both Jones and Dye struggled with defendant for several minutes in an attempt to force him to leave.

Defendant finally contends that there was no evidence to support the requisite element of the intent to commit the felony of theft in Jones's house. It is clear that the intent to commit a felony element of burglary can be inferred from the time, force, and manner of entry if there is no evidence the entry was made with lawful intent. Circumstantial evidence that goes beyond the mere fact of breaking and entering may support the intent element. *Anderson v. State*, (1981) Ind., 426 N.E.2d 674; *Carter v. State*, (1976) 265 Ind. 535, 356 N.E.2d 220. Here the facts that defendant was unlawfully in Jones's house and that he was going through papers in her bedroom closet at 5:30 a.m. while she was asleep were sufficient to support the element of the intent to commit theft.

For all of the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.