**Robert Lee CORRELL, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 1084S398.**

Supreme Court of Indiana.

Dec. 17, 1985.

Susan K. Carpenter, Public Defender, C.H. Gardner, Deputy Public Defender, Indianapolis, for appellant (defendant below).

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee (plaintiff below).

PIVARNIK, Justice.

Defendant-Appellant Robert Lee Correll was convicted at the conclusion of a jury trial (C.R. 83–6) in the Putnam County Circuit Court on April 18, 1984 of escape, a class D felony. In a separate cause (C.R. 83–8) on the same day he was convicted of criminal confinement, a class B felony; burglary, a class B felony; burglary, a class C felony; and two counts of theft, class D felonies. On May 21, 1984 Appellant was sentenced to four (4) years for escape, twenty (20) years for criminal confinement, twenty (20) years for class B felony burglary, and eight (8) years for class C felony burglary, all to be served consecutively. Appellant was also sentenced to serve four (4) years for each class D felony theft to be served concurrently with the burglary sentences, for a total sentence of fifty-two (52) years. Each of these sentences represents the presumptive sentence aggravated by the maximum amount allowed.

Appellant directly appeals and his arguments raise the following issues:

1. whether the trial court erred in giving Final Instruction Number 9;

2. whether the evidence was sufficient to support Appellant's convictions; and,

3. whether the sentences imposed were manifestly unreasonable.

Appellant escaped from the Indiana State Farm on January 26, 1983. Police officers discovered Appellant's prison clothes in the basement of a house belonging to Donald Blue located one and one quarter (1¼) miles from the State Farm. Blue's house was broken into and clothes, food, and a shotgun were taken. A chair was found overlooking the house trailer of Mary Jo Kellam, located across the street from Blue's house. Kellam arrived home from work at about 1:00 a.m. that night. Shortly thereafter Appellant, armed with the stolen shotgun, broke into Kellam's trailer and demanded beer and a ride to Indianapolis. At Indianapolis, while the temperature was below freezing, Appellant forced Kellam into the trunk of the car, from which she eventually escaped.

I

Appellant claims the trial court erred in giving Final Instruction Number 9 over his objection because it failed to properly define the element of intent. He argues it was thus an incorrect statement of law which confused the jury and resulted in an erroneous sentence. The instruction at issue reads:

> The Court further instructs the jury a person may be convicted of Burglary if he breaks and enters with the intent to commit a felony even though he does not actually commit a theft or any other felony. *Hughes v. Hughes*, 453 N.E.2d 275, 276 (Ind. 83) [sic].

Appellant maintains this instruction erroneously states the intent to commit *any felony* is sufficient to support his conviction for burglary. He argues that since the charged underlying felony here was theft, the instruction should not have ended with the phrase, "or any other felony." Appellant contends that while the evidence at trial could have supported a finding that he broke and entered Kellam's trailer with the intent to confine her, it does not support a finding that he did so with the intent to steal from her. Appellant concludes the jury could have convicted him of burglary with confinement as the underlying felony due to erroneous instruction when he was not charged with that crime.

We have long held that no single jury instruction should be evaluated separate from all the instructions given to the jury. *Hughes v. State* (1983), Ind., 453 N.E.2d 275, 276. If all the instructions together state the law correctly and fully they are not erroneous and should not be the basis of reversing the verdict. *Bixler v. State* (1984), Ind., 471 N.E.2d 1093, 1102, *reh. denied* (1985). In the present case the trial court gave the jury forty (40) final instructions which must be viewed *in toto* in reviewing this issue. The jury was told to construe all instructions together rather than any single instruction alone. The court read to the jury the informations which charged Appellant with burglary. These informations clearly set forth theft as the underlying felony. The jury was instructed on the specific elements of both burglary and theft, and was further told the State must prove beyond a reasonable doubt *every essential element of the crimes charged.* At this point their attention was once again drawn to the formal charges. Additionally, the jury was told that to overcome the presumption of Appellant's innocence the State must prove him guilty of each essential element of the crimes charged.

These instructions, read together, clearly show the jury was informed that Appellant was charged with burglary with theft as the underlying felony, and furthermore, that the State bore the burden of proving precisely that beyond a reasonable doubt. This same instruction was upheld by us in *Hughes*, Ind., 453 N.E.2d at 276. Given the facts of the present case and in light of all

the instructions given the jury we find no error on this issue.

## II

Appellant maintains there was insufficient evidence to support his convictions of burglary and theft of Kellam's property. He argues that while there may have been sufficient evidence to find he broke and entered Kellam's trailer with the intent to confine her, evidence was lacking of an intent on his part to steal from her. He claims all he sought from Kellam was a ride to Indianapolis and that his refusal to take Kellam's car keys and leave her behind is further proof that he lacked an intent to steal from her.

■■ Where sufficiency of the evidence is challenged on review this Court will neither weigh the evidence nor determine the credibility of witnesses, but rather, will look to the evidence most favorable to the State together with all reasonable inferences therefrom. We will then determine if there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. It is within the province of the jury to draw reasonable inferences from facts established by either direct or circumstantial evidence. A conviction may be based solely on circumstantial evidence. *Watkins v. State* (1984), Ind., 468 N.E.2d 1049, 1052. We have further held that the "intent to commit a felony" element of burglary can be inferred from the time, force, and manner of entry if there is no evidence the entry was made with lawful intent. *Id.* Here there was no evidence that Appellant entered Kellam's trailer lawfully. He broke through a locked door in the middle of the night when it was clear to him that Kellam would not let him in. In addition, he would not let her telephone for help, he brandished a shotgun, and he demanded beer and transportation. There is sufficient evidence to support the jury's finding that Appellant intended to steal from Kellam.

■ Appellant also argues there was insufficient evidence to support the jury's finding that he did in fact steal anything from Kellam. He contends the evidence proved only that he confined her. The Indiana Code defines theft as follows:

"(a) A person who knowingly or intentionally exerts unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use commits theft ..."

Ind.Code § 35–43–4–2(a) (Burns Supp.1985). The phrase "exerts control over property" means to obtain, take, carry, drive, lead away, conceal, abandon, sell, convey, encumber, or possess property. Ind.Code § 35–43–4–1(a) (Burns 1985). Appellant contends he neither exerted control over, nor had an intent to deprive Kellam of the use of her property.

Appellant's argument ignores the reality of the evidence. At gunpoint he forced Kellam to drive him over one hundred miles in her car. Clearly he exerted control over her property, as contemplated in Ind.Code § 35–43–4–2(a). When he forced Kellam to drive to Indianapolis Appellant deprived her of the use and value of her car as well as the gasoline in the car, thus committing theft. It matters not, as Appellant would have us decide, that he forced the victim to drive the car as opposed to driving it himself.

## III

Appellant's final argument is that the sentence he received was manifestly unreasonable in light of certain mitigating factors. He received four (4) years for escape, twenty (20) years for criminal confinement, twenty (20) years for class B felony burglary, and eight (8) years for class C felony burglary to be served consecutively. He also received four (4) years for each class D felony theft to be served concurrently with the burglary sentences, for a total sentence of fifty-two (52) years. The presumptive sentence for each crime was aggravated to the maximum sentence allowed. Appellant maintains the sentences are manifestly unreasonable in that

they ignore three mitigating factors: 1) he did not harm Ms. Kellam; 2) he was massively distressed over the disintegration of his family and the lack of care his children were receiving; and 3) the State's "complicity" in his escape by not detaining him more securely.

■ The proper sentencing procedure in effect at the time of Appellant's trial was Ind.Code § 35–4.1–4–7 (Burns 1979) and was properly followed. A reviewing court will not revise a sentence authorized by statute except where such sentence is manifestly unreasonable in light of the nature of the offense and character of the offender. A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for whom such sentence was imposed. *Freed v. State* (1985), Ind., 480 N.E.2d 929, 931; Ind.R.App.Rev. Sen. 2.

■ The trial court found the following reasons to aggravate the presumptive sentences: Appellant has a long history of prior criminal offenses culminating in convictions for burglary and robbery; Appellant is in need of rehabilitative treatment; a reduced sentence would depreciate the seriousness of the crimes; the crimes threatened and caused serious harm to the victim; and Appellant is likely to commit other crimes. In light of this it cannot be said that no reasonable person could find the present sentence appropriate to Appellant and his offenses.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, PRENTICE and SHEPARD, JJ., concur.