**Cleveland SMITH, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

No. 885 S 336.

Supreme Court of Indiana.

June 23, 1988.

Susan K. Carpenter, Public Defender, M.E. Tuke, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On February 20, 1985, a Lake County Superior Court jury found Defendant–Appellant Cleveland Smith guilty of Murder. The trial court subsequently sentenced Smith to a term of fifty (50) years.

The only issue Smith presents in his direct appeal is the lack of sufficient evidence to identify him as the person firing the shots which caused the victim's death.

Smith's claim of error is based on a conflict of the evidence rather than a lack of it. Witness Barbara Sanders testified that on Christmas Eve, 1981, she and her friend Goldie went to the Nova Lounge in Gary. Shortly after arriving there, she met her friend, the victim herein, B.B. Thomas. Sanders stated Thomas told him he was "high" and asked if she would walk him out to his car. She did walk with Thomas out to his car and Smith appeared in the parking lot, standing about ten feet away

from her and Thomas. Sanders said she knew Smith; the parking lot was lighted sufficiently, so she could see and recognize him clearly. She said Smith made some remark to Thomas, either "Hey you" or "You're a dead s.o.b." whereupon Smith reached inside his automobile, grabbed a shotgun, pumped it and aimed it at Thomas. At this time, Thomas shoved Sanders out of the way and Sanders ran back into the foyer of the Nova Lounge. She said it was about five seconds after she left the scene that she heard the first shot. She heard several shots fired which she identified as shotgun blasts. She found her friend and told her "they were killing B.B." and she and her friend returned to the parking lot. They found Thomas lying on the ground, severely wounded. A pistol was beside him. Thomas later died after having been diagnosed as having suffered severe wounds caused by shots from a shotgun. When police arrived at the scene, Sanders told one of them that Cleveland Smith had shot Thomas.

Smith's witnesses told a different story. Cleveland Smith testified in his own defense, stating he and Thomas had left the lounge and as they stood talking in the parking lot, some persons shot at them from a moving car. Smith could not identify the people who shot at them. Smith was himself severely wounded from bullets fired from a handgun. None of the guns were ever produced at trial. Regina Turner, Smith's girlfriend, and Lorenzo Smith, Cleveland Smith's brother, testified they were present at the Nova Lounge on the night of the incident and had both observed Sanders and Thomas on that evening. They also saw Smith and Thomas leave the bar together after having a short conversation. Both witnesses testified there was no animosity between the two men. They also stated that after Smith and Thomas left, Sanders was still inside the bar when they heard the shots fired outside.

It is well-settled that in a sufficiency of evidence question this court does not reweigh the evidence nor judge the credibility of witnesses. We will consider only that evidence most favorable to the State and all the reasonable inferences to be drawn

therefrom. If there is substantial evidence of probative value to support the conviction, the finding of the trier of fact will not be disturbed. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670, 672. It is clear there was substantial evidence of probative value to support the verdict. Smith claims the finding was based on circumstantial evidence because Sanders did not actually see Cleveland Smith shoot Thomas. The State can, of course, meet its burden by establishing a fact by circumstantial evidence and the logical inferences to be drawn therefrom. *Watkins v. State* (1984), Ind., 468 N.E.2d 1049, 1052. Sanders testified she saw Smith point a shotgun at Thomas at a distance of about ten (10) feet and threaten to shoot him. She turned and ran, and about five seconds later heard the first shot in a series of shots from which Thomas suffered fatal wounds. Sanders knew Cleveland Smith, and the parking lot was lighted well enough for her to recognize him. The conflict between her version of events and those of Smith and his witnesses was a matter to be resolved by the jury. There was sufficient evidence for them to resolve it as they did. No grounds are presented to us to disturb their judgment.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.