Terry D. JUSTICE, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 22S00–8604–CR–362.

Supreme Court of Indiana.

Nov. 23, 1988.

Michael J. McDaniel, New Albany, for appellant.

Linley E. Pearson, Atty. Gen., Lisa Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

A jury found appellant Terry Justice guilty of burglary, a class B felony, Ind. Code § 35–43–2–1 (Burns 1985 Repl.) The trial court sentenced him to twenty years in prison.

Justice raises three issues on direct appeal, but we need consider only one: whether the evidence is sufficient to establish intent to commit theft. It is not.

On May 11, 1985, at approximately 2:45 a.m., a crashing noise awakened Tammy Bryant. She heard someone trying to en-

ter her house. Bryant turned on a lamp and telephoned her parents. While her father drove to her house, she continued to speak to her mother on the telephone. Bryant heard someone come down the hallway and then saw a man standing in the hallway outside her room. He walked into her room and toward her bed. She noticed that he had black socks on his hands. Bryant recognized him as a former friend of her brother and said: "Terry Justice, what are you doing here? I'm Anthony's little sister." Upon hearing this, the man turned around and immediately left the house. When the police arrived, they discovered that a screen had been removed from a dining room window and left on the ground outside. The back door had also been left open. The State charged Terry Justice with breaking and entering with intent to commit theft.

Justice argues that the evidence is insufficient to establish intent to commit theft. In reviewing a sufficiency claim, this Court looks only at the evidence most favorable to the verdict and any reasonable inferences which may be drawn from that evidence. If a reasonable finder of fact could determine from the evidence that the defendant was guilty beyond a reasonable doubt, then we will uphold the verdict. *Loyd v. State* (1980), 272 Ind. 404, 398 N.E.2d 1260, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

■ Proof of an illegal entry only establishes criminal trespass. Ind. Code § 35–43–2–2(a)(5).[1] Burglary requires proof of intent to commit a felony inside the structure. Ind. Code § 35–43–2–1.[2] To establish intent to commit a felony the State must specify what felony the defendant intended to commit. Where the State cannot establish intent to commit a particular underlying felony, criminal trespass is the appropriate charge.

---

1. Ind.Code § 35–43–2–2(a)(5) states: "Criminal Trespass.—A person who: Not having a contractual interest in the property, knowingly or intentionally enters the dwelling of another person without his consent; commits criminal trespass, a class A misdemeanor."

2. Ind.Code § 35–43–2–1 reads: "Burglary.—A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a class C felony. However, the offense is a class B felony ... if the building or structure is a dwelling...."

Intent to commit a given felony may be inferred from the circumstances, but some fact in evidence must point to an intent to commit a specific felony. *Gilliam v. State* (1987), Ind., 508 N.E.2d 1270. The State argues the intent to commit theft can be inferred from the evidence that Justice entered the premises illegally, fled when the victim recognized him and covered his hands. We do not agree.

Intent to commit a felony may not be inferred from proof of breaking and entering alone. *Timmons v. State* (1986), Ind., 500 N.E.2d 1212. Similarly, evidence of flight alone may not be used to infer intent, though other factors, such as the removal of property from the premises, may combine with flight to prove the requisite intent for burglary. *Sargent v. State* (1973), 156 Ind.App. 469, 297 N.E.2d 459.

Evidence of breaking and entering, and evidence of flight are not probative unless tied to some other evidence which is strongly corroborative of the actor's intent. The evidence does not need to be insurmountable, but it must provide "a solid basis to support a reasonable inference" that the defendant intended to commit the underlying felony. *Gilliam,* 508 N.E.2d at 1271. While there is evidence of breaking and entering, and evidence of flight in this case, there is no evidence that Justice touched, disturbed or even approached any valuable property.

The State asks us to infer that the reason Justice had socks on his hands was because he intended to commit theft. The Indiana Court of Appeals has held that a jury can reasonably infer that "covering one's hands with socks in May was for the purpose of avoiding detection in the commission of a felony.... after he had gained entrance into the structure." *Long v. State* (1975), 166 Ind.App. 282, 286, 335 N.E.2d 631, 633.

While precautions designed to avoid leaving fingerprints point to illegal intent, they do not by themselves establish intent to commit a particular felony. In examining the extent to which a defendant's covered hands can be used as evidence of specific intent, Justice Dickson wrote: "The use of stockings upon defendant's hands also supports the reasonable inference that he intended to avoid leaving fingerprints and therefore intended to commit *some* criminal offense, but it is impossible to infer therefrom which offense defendant intended once inside." *Slaton v. State* (1987), Ind., 510 N.E.2d 1343, 1350 (emphasis in original). In *Slaton,* we found adequate evidence of the defendant's intent to commit theft where the defendant had entered and rummaged through the victim's car a few days earlier. Unlike Slaton, Justice did not display conduct indicating his purpose for entering the house.

Like evidence of breaking and entering, and evidence of flight, evidence of covered hands does not provide an inference that Justice intended to commit theft rather than some other felony in Tammy Bryant's home. Someone who intends to commit criminal trespass or any other misdemeanor might wish to obscure his identity by covering his hands. Without any inference suggesting intent to commit theft, the evidence is insufficient to prove beyond a reasonable doubt that the defendant intended to commit theft.

The burglary conviction is reversed and the defendant ordered discharged.

DeBRULER, GIVAN and DICKSON, JJ., concur.

PIVARNIK, J., dissents without opinion.