**Jeffrey GEBHART, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 49S00-8708-CR-731.**

Supreme Court of Indiana.

Dec. 8, 1988.

William L. Soards, Soards, Carroll & Fruechtenicht, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant Gebhart was convicted in a trial by jury of attempted burglary, a class B felony. I.C. 35-41-5-1 (definition of attempt). I.C. 35-43-2-1 (definition of burglary). The standard ten (10) year sentence was enhanced by six (6) years based on aggravating circumstances, and an additional twenty (20) years was assessed based upon a finding of habitual offender. The total sentence is thirty-six (36) years.

The charge was brought by information, which, omitting formal parts, is as follows:

".. Kevin Corydon .. says that Jeffrey A. Gebhart ... did attempt to commit the crime of Burglary, which is to break and enter the building and structure, and dwelling of Shirley Roddy, .. with intent to knowingly exert unauthorized control over the property of Shirley Roddy, and to deprive Shirley Roddy.... of its value or use by ..... prying on a side door of said dwelling with a tire tool.."

In order to convict, the prosecution must prove (1) a substantial step toward commission of the crime, and (2) the necessary specific intent. *Zickefoose v. State* (1979), 270 Ind. 618, 388 N.E.2d 507.

Appellant contends that the evidence serving to show that at the time of his conduct in breaking and entering the house, he had the intent to commit theft,

i.e, to steal, was insufficient. In determining this question we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. *Smith v. State* (1970) 254 Ind. 401, 260 N.E.2d 558. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State* (1970), 253 Ind. 536, 255 N.E.2d 657; *Taylor v. State* (1973), 260 Ind 64, 291 N.E.2d 890.

■ The gravamen of the offense charged, as shown by the evidence, was that at 9:30 a.m. on November 19, 1986, appellant came to the front door of the Roddy house, opened the storm door, and knocked very hard. Mrs. Roddy observed appellant through a one-way glass in the door but did not answer the knock. A few minutes later appellant pried the back door of the house open with a tire iron, and pounded on the back door with the iron. The police were called. Mrs. Roddy and her daughter left the house and when appellant saw them looking at him, ran off. He was captured a short time later by the police.

Most recently, this court considered the question raised here, namely the sufficiency of the evidence of intent to steal in an attempted burglary case, in *Slaton v. State* (1987), Ind., 510 N.E.2d 1343. Slaton, like appellant in this case, was scared off from a residence and fled, after having broken and having entered, but before manifesting the nature of his unlawful purpose. Slaton used a knife and coathanger, while appellant used a tire tool. Slaton however, had entered and rummaged about in a car outside before breaking and entering into the residence. It was the evidence of that additional conduct in searching about in the car which brought the evidence of Slaton's intent to steal to the sufficiency level. There is no such additional measure of evidence here.

The evidence here is insufficient in probative value to warrant the conclusion of a rational trier of fact, to a moral certainty beyond a reasonable doubt, that appellant had the intent to steal from the house. It might well support that conclusion by a preponderance of the evidence, but then this is a criminal case and not a civil one. It might well support the conclusion that appellant intended some undetermined sort of wrongdoing, mischief, misdeed, or immoral or illegal act. However that is not the issue to be resolved. A criminal conviction for burglary requires proof beyond a reasonable doubt of a specific criminal intent which coincides in time with the acts constituting the breaking and entering, and such specific criminal offense must be clearly stated in the charge. It is the crime as defined in the burglary statute which was charged in this case and which must have been proved. The evidence might well support a conviction for the crime defined in I.C. 35–43–2–2, criminal trespass, however that charge was not made. *Welch v. State* (1987), Ind., 509 N.E.2d 824.

This conviction for burglary cannot withstand appellate scrutiny upon the claim of insufficient evidence of intent to steal. It is therefore reversed.

SHEPARD, C.J., and DICKSON, J., concur.

GIVAN, J., dissents with opinion in which PIVARNIK, J., concurs.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case. The majority does not cite any direct authority for the position taken. The majority cites the case of *Slaton v. State* (1987), Ind., 510 N.E.2d 1343 and then proceeds to distinguish that case from the present case. I recognize that there is a valid distinction between *Slaton* and the case at bar; I, however, do not perceive it as a distinction which justifies the reversal of this case.

The majority does not cite the case of *Beard v. State* (1983), Ind., 448 N.E.2d 1078 which is cited in the State's brief. *Beard* more nearly parallels the case at bar in that the defendant had broken a window in the home and then fled the scene. This Court held in *Beard* that "otherwise ambig-

uous circumstantial evidence of the intent of the intruder may be rendered unambiguous by the additional circumstance of flight or the possession of burglar's tools." *Id.* at 1080.

In the case at bar, the burglar tool used in the attempted break-in was recovered by the police near the scene and appellant's flight was well established. This Court has held that the State's burden of proof on each element of the offense charged may be established by circumstantial evidence and the logical inferences that may be drawn therefrom. *Watkins v. State* (1984), Ind., 468 N.E.2d 1049.

This Court also has held that even though the evidence be circumstantial the trier of fact may draw reasonable inferences from that evidence, and it is not necessary for the State to overcome a reasonable hypothesis of innocence but only that an inference may reasonably be drawn from the evidence which supports the verdict. *McCann v. State* (1984), Ind., 466 N.E.2d 421.

I would follow the foregoing authorities in this case and affirm the trial court.

PIVARNIK, J., concurs.