**Darrell K. SUMNER, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 49A02–8807–CR–266.

Court of Appeals of Indiana, Second District.

July 13, 1989.

Reginald B. Bishop, Roberts & Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Preston W. Black, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

Appellant-defendant Darrell K. Sumner (Sumner) appeals from his conviction of attempted burglary,[1] a class C felony, claiming there was insufficient evidence to support the verdict.

We reverse.

On September 18, 1987, Indianapolis Police Officer Glen Ruegsegger (Ruegsegger) was on patrol at approximately 3:15 a.m. and witnessed two black males on the sidewalk in front of Reeve's Variety Store on Martin Luther King Street in Indianapolis. Ruegsegger parked his car in the alley and observed one of the males lift Sumner, the other male, to a window of a door. Sumner attempted unsuccessfully to unlock the door. As another marked police car approached the area, Sumner and the other male ran to the end of the building and waited for the vehicle to pass. They then returned to the building and again attempted to unlock the door. Once more, some vehicles approached, and Sumner and his accomplice waited at the end of the building until the cars passed.

The two again returned to the store and began pulling on the security bars which covered the front window of the store. They eventually were successful in pulling the bars off the wall. Sumner's accomplice then kicked the window, breaking it. As Sumner and the other male began pulling

pieces of glass from the window, the entire window fell in, causing a loud crash. They both ran to the corner of the building. Ruegsegger began chasing them on foot, and eventually found Sumner lying on a porch with a laceration on his right arm.

Following a trial by court, Sumner was convicted and sentenced to a five-year term of imprisonment.

Sumner presents the following issue for review:

Was there sufficient evidence to sustain the conviction?

In view of recent Indiana Supreme Court decisions we conclude that the evidence was insufficient to demonstrate the intent required for attempted burglary.

To establish the crime of attempt, the State must show both that the defendant had the requisite culpability to commit the crime and that his conduct constituted a substantial step toward commission of that crime. *Gebhart v. State* (1988) Ind., 531 N.E.2d 211. To convict for attempted burglary, the State must demonstrate that at the time a defendant breaks and enters or attempts to break and enter a structure, he has the intent to commit a *specific felony* inside the structure. *Justice v. State* (1988) Ind., 530 N.E.2d 295; *Gilliam v. State* (1987) Ind., 508 N.E.2d 1270; *Timmons v. State* (1986) Ind., 500 N.E.2d 1212. Although evidence of breaking and entering *alone* cannot serve as a basis from which to infer the intent to commit the underlying felony which has been charged, (in this case, theft), our Supreme Court has long observed that intent may be inferred from circumstantial evidence of the nature of the felony. *Creasy v. State* (1988) Ind., 518 N.E.2d 785. While the evidence need not be insurmountable, it must provide a solid basis to support a reasonable inference that the defendant intended to commit the underlying felony charged. *Gilliam, supra.*

The majority in *Justice*, observed that "[e]vidence of breaking and entering, and

---

1. Indiana Code 35–43–2–1 (Burns Code Ed. Repl.1985) and I.C. 35–41–5–1 (Burns Code Ed. Repl.1985).

evidence of flight are not probative *unless tied to some other evidence which is strongly corroborative of the actor's intent." Id.* at 297 (emphasis supplied). In *Justice,* the defendant's burglary conviction was reversed when the State asserted that an intent to commit theft had been established in light of the uncontradicted facts that the defendant had entered the victim's home illegally by removing a screen from a dining room window, fled when the victim recognized him, and had covered his hands with socks at the time of the break-in which occurred during the month of May. The *Justice* court concluded that the evidence failed to prove beyond a reasonable doubt that the defendant intended to commit theft.

In *Gebhart, supra,* the defendant's conviction for attempted burglary was reversed on sufficiency grounds, the evidence being that after the victim refused to answer the defendant's knock on her front door, he pried open the back door with a tire iron. The victim called police and Gebhart fled when he saw the victim looking at him. The evidence failed to support a reasonable inference that the defendant intended to steal because he fled from the residence *"before manifesting the nature of his unlawful purpose."* 531 N.E.2d at 212, (emphasis supplied).

The majority in *Gebhart* concluded that while the evidence might have supported the intent to steal by a preponderance of the evidence, or

"that the appellant intended some undetermined sort of wrong doing, mischief, misdeed, or immoral or illegal act, ... [the evidence was not sufficient to demonstrate] proof beyond a reasonable doubt of a specific criminal intent which coincide[d] in time with the acts constituting the breaking and entering...." 531 N.E.2d at 212.

■ Previously, our Supreme Court in *Lisenko v. State* (1976) 265 Ind. 488, 355 N.E.2d 841, cited with approval in *Slaton v. State* (1987) Ind., 510 N.E.2d 1343, said that the intent to commit theft *may* be inferred from the time, force, and manner in which entry is made. The cleavage between *Lisenko* and *Justice* and *Gebhart* is too strong to ignore. *Lisenko* and the numerous cases following it have been impliedly overruled. *Hahn v. State* (1989) 2d Dist.Ind.App., 533 N.E.2d 618.

We therefore reverse Sumner's conviction for attempted burglary and order that he be discharged.

RATLIFF, C.J., concurs.

BUCHANAN, J., dissents with opinion.

BUCHANAN, Judge, dissenting.

To me the majority opinion fails to distinguish attempted burglary from burglary. It relies on cases relating to burglary, not attempted burglary.

The majority sees in *Justice v. State* (1988), Ind., 530 N.E.2d 295, support for the proposition that when a defendant is charged with *burglary,* breaking and entering and evidence of flight are not probative unless there is some additional evidence which strongly corroborates the defendant's intent. This may be so, but there are circumstances in which a defendant may be convicted of attempted burglary as in *Slaton v. State* (1987), Ind., 510 N.E.2d 1343, which in my opinion governs this case. In *Slaton,* our supreme court affirmed the defendant's conviction for *attempted burglary* when the State's evidence clearly demonstrated that the defendant manifested the intent to commit the *specific felony* of theft as charged, inside a residence following the breaking and entering. The defendant attempted to enter the victim's house on two occasions. During the first episode, Slaton removed the victim's keys from the front door lock that she inadvertently left there the previous evening. Slaton wore stockings over his hands and rummaged through the victim's automobile immediately following his first attempt to enter the residence. In affirming the conviction for *attempted burglary* our supreme court observed that the defendant's acts of entering and searching the victim's automobile immediately following the first break-in attempt supported the reasonable inference that Slaton intended to commit theft which was charged, rather than rape, arson, or some other criminal

offense. *Id.* at 1350. The "additional evidence requirement" *only* demands a quantum of evidence *other than* breaking, entering and flight which is probative of the defendant's intent to commit the specific crime charged. *Id.* That intent may be inferred from circumstantial evidence of the nature of the felony, so long as a solid basis is provided to support a reasonable inference that the defendant intended to commit the underlying felony that is charged. *See McCovens v. State* (1989), Ind., 539 N.E.2d 26; *citing Lisenko v. State* (1976), 265 Ind. 488, 355 N.E.2d 841.

The record here clearly reflects that Sumner (like Slaton) and his accomplice took the necessarily required "substantial step" permitting the trier of fact to reasonably infer that Sumner intended to commit theft. At 3:15 a.m., Sumner was observed acting suspiciously outside of the variety store which sold food, cigarettes, and the like. He attempted to unlock the door, eventually broke the security bars, and picked glass from the window that his accomplice had shattered. Sumner also ran to the end of the building and hid on *two occasions* when automobiles passed the store. He continued to flee when Ruegsegger ordered him to stop. Sumner clearly broke and entered, fled from the scene, and demonstrated *persistent efforts* to enter and steal goods sold by the variety store. It is apparent to me that all of the circumstances, when considered in their entirety, were strongly corroborative of Sumner's intent to commit theft (unlike the facts in *Gebhart v. State* (1988), Ind., 531 N.E.2d 211).

In *Gebhart,* the defendant's conviction for attempted burglary was reversed because the meager evidence of record merely demonstrated that the defendant fled from the victim's residence before manifesting the nature of his unlawful purpose, i.e., without revealing his purpose. The *Gebhart* court concluded that the circumstances made it impossible for the factfinder to conclude beyond a reasonable doubt that the defendant intended to commit theft which was alleged in the information as opposed to rape or some other offense.

While the evidence may not have sufficiently supported a conviction for *actual* burglary, it was certainly reasonable for the fact finder to infer that Sumner's actions constituted a substantial step toward the commission of theft, and only theft in accordance with IC 35–43–2–1 and IC 35–41–5–1. The existence of additional external factors found in *Slaton* were also present here, i.e., the nature of the building to which entry was sought, the late hour, the hiding as cars approached, and the persistent attempts to enter the uninhabited variety store. Because Sumner was charged with *attempted burglary* rather than *actual burglary,* it was reasonable to conclude that a *substantial step* was taken toward the commission of the underlying felony charged (theft). Consistent with *Slaton,* the totality of the circumstances clearly dictate such a result.

I vote to affirm the conviction.