Willie **ROBINSON**, Appellant
(Defendant Below),

v.

**STATE** of Indiana, Appellee
(Plaintiff Below).

No. 49S00–8607–CR–655.

Supreme Court of Indiana.

July 26, 1989.

Aaron E. Haith, Choate, Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

The defendant, Willie Robinson, appeals his convictions and sentences on three counts of attempted burglary. He raises several issues, one of which, sufficiency of evidence, we find dispositive.

The defendant was charged with attempted burglaries of three dwellings on April 2, 1985. Each charge alleged attempted breaking and entering "with the intent to commit the felony of Theft." The trial evidence established that the defendant was observed in three unsuccessful attempts to break into the residences. When the police investigated, the defendant explained his presence at the scene by claiming he was looking for jobs. The defendant contends that the evidence was insufficient to prove the element of intent to commit theft. We agree.

This issue has received attention in three recent cases. In *Gebhart v. State* (1988), Ind., 531 N.E.2d 211, an attempted burglary conviction was reversed because evidence, while showing that the defendant attempted to pry open the back door of the house with a tire iron, was insufficient to prove intent to steal. Similarly, in *Justice v. State* (1988), Ind., 530 N.E.2d 295, this Court reversed a burglary conviction by refusing to find intent to commit theft from evidence that the defendant covered his hands with socks, illegally entered the premises, and fled when recognized. In *Kidd v. State* (1988), Ind., 530 N.E.2d 287, subsequent possession of stolen property, even combined with false explanations regarding that possession, was insufficient to prove intent to commit theft, thereby requiring reversal of a burglary conviction.

The State argues that the series of attempted break-ins in conjunction with the "cover story" was sufficient circumstantial evidence for the jury to infer the intent to commit theft. We recognize that in appellate review of circumstantial evidence of guilt, this Court need not determine whether the circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence, but only whether inferences may reasonably be drawn to support the verdict. *Myers v. State* (1989), Ind., 532 N.E.2d 1158; *Kidd*, 530 N.E.2d 287.

However, we are unable to distinguish the facts and circumstances of the present case from those in *Gebhart, Justice,* and *Kidd.* The following language from *Gebhart* is equally applicable in the present case:

The evidence here is insufficient in probative value to warrant the conclusion of a rational trier of fact, to a moral certainty beyond a reasonable doubt, that appellant had the intent to steal from the house.... It might well support the conclusion that the appellant intended some undetermined sort of wrongdoing, mischief, misdeed, or immoral or illegal act. However, that is not the issue to be

resolved. A criminal conviction for burglary requires proof beyond a reasonable doubt of a specific criminal intent which coincides in time with the acts constituting the breaking and entering, and such specific criminal offense must be clearly stated in the charge.

531 N.E.2d at 212. Because of the insufficient evidence of intent to commit theft as charged, the convictions cannot stand.

The convictions of attempted burglary are hereby reversed.

SHEPARD, C.J., and DeBRULER, J., concur.

GIVAN, J., dissents.

PIVARNIK, J., dissents for reasons stated in Justice Givan's dissent in *Gebhart.*