**Gary L. FAULKNER, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 25A03–8905–CR–206.**

Court of Appeals of Indiana,
Third District.

Nov. 13, 1989.

Ordered Published June 26, 1990.

Jere L. Humphrey, Kizer & Neu, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Appellant Gary L. Faulkner appeals a jury conviction of attempted burglary, a Class C felony. The trial court sentenced Faulkner to 36 years, 6 years for attempted burglary enhanced by 30 years upon an habitual offender finding.

The charging information, omitting formal parts, stated:

"On or about March 27, 1988, in Fulton County, State of Indiana, Gary L. Faulkner did attempt to commit the crime of burglary by knowingly trying to force open the door of the Shiloh Village Store located at 204 West 18th Street, Rochester, Indiana at approximately 5:00 o'clock a.m. with the intent to commit a felony therein, to-wit: Theft, which conduct constituted a substantial step towards the commission of the crime of burglary.

All of which is contrary to the form of the statute in such cases made and provided, to-wit: I.C. 35–41–5–1 and I.C. 35–43–2–1 and against the peace and dignity of the State of Indiana."

Appellant contends the evidence was insufficient to prove the element of intent to commit theft.

The facts indicate that the manager of the Shiloh Village Store stayed there at night. On March 27, 1988 at 4:45 A.M., the manager saw two men attempting to pry open the front door. The police were notified. When the police arrived, the two men ran in separate directions. The police caught Faulkner near a baseball diamond.

On March 27, 1988 at 10:30 A.M., the police discovered pry marks on the door of the Tasty Q, an ice cream shop located across the street from Shiloh Village. Nothing was missing from the Tasty Q.

On March 27, 1988, the police found pry marks on the door of Joby's Pizzeria, which is across the street from Shiloh Village. A cash register was missing from Joby's Pizzeria. Police discovered prints matching Victor Miller's tennis shoes inside Joby's Pizzeria. The police arrested Victor Miller in Elkhart, Indiana. No evidence

was introduced at trial linking Faulkner with the burglary of Joby's Pizzeria.

*Gebhart v. State* (1988), Ind., 531 N.E.2d 211, reversed an attempted burglary conviction. The evidence showed the defendant pried the back door of a house open but was insufficient to prove intent to commit theft.

The following language from *Gebhart* is equally applicable in the present case:

"The evidence here is insufficient in probative value to warrant the conclusion of a rational trier of fact, to a moral certainty beyond a reasonable doubt, that appellant had the intent to steal from the house.... It might well support the conclusion that the appellant intended some undetermined sort of wrongdoing, mischief, misdeed, or immoral or illegal act. However, that is not the issue to be resolved. A criminal conviction for burglary requires proof beyond a reasonable doubt of a specific criminal intent which coincides in time with the acts constituting the breaking and entering, and such specific criminal offense must be clearly stated in the charge."

*Id.* at 212.

*Robinson v. State* (1989), Ind., 541 N.E.2d 531.

Because of the insufficient evidence of intent to commit theft as charged, the convictions cannot stand.

Reversed.

SHIELDS, P.J., concurs.

GARRARD, P.J., concurs in result with opinion.

GARRARD, Presiding Judge, concurring in result.

I concur in the result reached by the majority because we are bound by the decisions in *Gebhart* and *Robinson* cited in the majority opinion.

Nevertheless, I feel compelled to express my view as to why the "rule" of those cases is in error.

Burglary, of course, involves a breaking and an entering with the intent to commit a felony. IC 35-43-2-1. It is not necessary to a completion of the offense that the underlying felony be accomplished or even that a substantial step be taken towards its accomplishment (apart from the breaking or entering), *Mason v. State* (1984), Ind., 467 N.E.2d 737.

On the other hand, judicial decision has long imposed upon the state the burden of proving the accused's felonious intent apart from the bare evidence of breaking and entry. *See, e.g., Easton v. State* (1967), 248 Ind. 338, 228 N.E.2d 6. I have no quarrel with that requirement; there is no presumption of felonious intent that attends merely breaking and entry.

The problem arises from how the proof—the totality of the circumstances—is treated. And it arises typically in cases such as this where an accused is interrupted in his activity, usually by police responding to some form of alarm, before he has had time to fully manifest his underlying intent, whatever it may be.

As a problem in syllogistic reasoning there certainly remains a gap in attempting to conclude from the evidence of the activity present the specific intent held in the mind of the accused. That problem has been previously noted by our courts. *See, e.g., Crawford v. State* (1968), 251 Ind. 437, 241 N.E.2d 795 (Arterburn, J. and Lewis, C.J. dissenting).

Yet it appears to me that this problem is peculiarly subject to Mr. Justice Holmes' oft-quoted classic admonition that "the life of the law has not been logic; it has been experience."

Thus, common human experience tells us that when a person (a) breaks and enters a dwelling or other building where valuables are kept, or might reasonably be expected to be kept; (b) he does so when the regular occupants are away or expected to be away and at a time or in a manner that his entry is likely to be undetected by passersby; and (c) he does so in the absence of circumstances tending to negate a felonious intent or, indeed, demonstrating an intent to commit a different felony, there exists a reasonable inference that the person entered with the intent to commit a theft.

I believe that was the essence of the court's analysis and holding in *Lisenko v. State* (1976), 265 Ind. 488, 355 N.E.2d 841 (DeBruler, J. and Prentice, J. dissenting) which has never been expressly overruled although *Gebhart* and *Robinson* appear to do so *sub silencio*.

It seems to me that the practical difficulty may derive from a tendency to simply assume that in the absence of evidence that the accused rifled drawers or had the jewels in his pocket, there is "nothing more" than the evidence that he broke and entered. As indicated above, I would find that the other circumstances surrounding the entry may themselves be sufficient to establish a reasonable inference that the entry was made with the intent to steal.

To hold otherwise, it seems to me, is a repeal of the statute defining attempted burglary as a crime, unless the accused or an accomplice confesses. It also misses what human experience tells us is most probably true.