**George C. MARKOFF, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 45A03–8909–CR–403.**

Court of Appeals of Indiana, Third District.

April 26, 1990.

Daniel L. Bella, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen. and Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Defendant-appellant George C. Markoff appeals from a judgment of conviction for burglary, a Class C felony. The facts relevant to this appeal are summarized below.

At about 3:00 A.M. on July 17, 1988, Richard Wojcikowski drove past the Dyer Dairy Queen where he was employed as manager. Wojcikowski observed Markoff standing at the right front window of the store. The window had been broken, and Markoff had his arm ⅔ to ¾ of the way in the building. According to Wojcikowski, Markoff's hand was on or above the cash register. When Markoff realized that Wojcikowski was watching him, he withdrew his arm from the window and walked away from the Dairy Queen. The police were notified. Initially Markoff eluded the police by running between houses, but he was eventually apprehended.

Markoff was charged by information with "break[ing] and enter[ing] the build-

ing of Robert Wojcikowski with intent to commit to [sic] the felony of theft in it." Robert Wojcikowski was believed to be the name of Richard Wojcikowski's relative who owned the Dairy Queen. In fact, the Dairy Queen was owned by R.L. Jurgenson, Inc., which corporation was headed by Richard Wojcikowski's stepfather, Robert Jurgenson. On the day of trial, the State moved to amend the information by substituting the name "R.L. Jurgenson, Inc." for the name "Robert Wojcikowski." The trial court permitted the amendment.

■ Markoff contends that the trial court erred when it allowed the State to amend the charging information on the day of trial. An information may be amended at any time to cure a defect if the substantial rights of the defendant are not prejudiced. IND. CODE § 35–34–1–5(a)(9), (c) (1988 Ed.). The amendment in the instant case was merely one of form. *See Humphrey v. State* (1978), 268 Ind. 597, 377 N.E.2d 631 (information charging defendant with robbery amended to change name of owner of stolen property from Union Prescription Center of Indianapolis, Inc. to B.H.L., Incorporated). Moreover, Markoff has not specified any way in which he was prejudiced by the amendment. The trial court did not err in permitting the State to amend the original information.

■ Markoff next claims that there is insufficient evidence to sustain his conviction for burglary, because the State did not prove that he intended to commit theft when he broke into the Dairy Queen. Intent to commit a felony is an element of burglary that has received considerable attention from the Supreme Court recently.

E.g. *Gebhart v. State* (1988), Ind., 531 N.E.2d 211;

*Justice v. State* (1988), Ind., 530 N.E.2d 295.

■ For example, in *Justice v. State, supra*, the evidence showed that the defendant covered his hands with socks, illegally entered a house, and fled when recognized. The Supreme Court deemed such evidence insufficient to prove intent to commit theft. 530 N.E.2d at 297. According to the Supreme Court, intent to commit the underly-

ing felony identified in a burglary charge must be established by strongly corroborative evidence which provides a solid basis to support a reasonable inference that the defendant intended to commit the felony. *Id.* The Court observed,

"While there is evidence of breaking and entering, and evidence of flight in this case, there is no evidence that [defendant] touched, disturbed or even approached any valuable property.

*Id.*

The evidence that was missing from the State's case in *Justice* was supplied by the State in the instant case. Wojcikowski testified that Markoff had reached through the broken window at the Dairy Queen and that Markoff's hand was on or above the cash register. That testimony constituted evidence that Markoff touched, disturbed or approached valuable property.

In *Gebhart v. State, supra,* the evidence disclosed that the defendant attempted to pry open the back door of a house with a tire iron and then ran off. Again, the Supreme Court ruled that the evidence was insufficient to establish intent to commit theft:

"[T]his court considered the question raised here, namely the sufficiency of the evidence of intent to steal in an attempted burglary case, in *Slaton v. State* (1987), Ind., 510 N.E.2d 1343. Slaton, like appellant in this case, was scared off from a residence and fled, after having broken and having entered, but before manifesting the nature of his unlawful purpose. Slaton used a knife and coathanger, while appellant used a tire tool. Slaton however, had entered and rummaged about in a car outside before breaking and entering into the residence. It was the evidence of that additional conduct in searching about in the car which brought the evidence of Slaton's intent to steal to the sufficiency level. There is no such additional measure of evidence here."

531 N.E.2d at 212.

The defendant in *Gebhart* fled before manifesting the nature of his unlawful pur-

pose in prying open the back door of a house. In contrast, the nature of Markoff's unlawful purpose was revealed by his subsequent conduct in reaching through the broken window at the Dairy Queen toward the cash register. Testimony concerning Markoff's acts after breaking the Dairy Queen window provided the "additional measure of evidence" required by the Supreme Court in *Gebhart.*

Because intent is a mental state of the actor, the trier of fact must resort to reasonable inferences based upon examination of the surrounding circumstances to determine intent. *Stanley v. State* (1988), Ind., 531 N.E.2d 484, 485. The evidence that Markoff's hand was on or above the Dairy Queen cash register pointed to an intent to commit the specific felony of theft. The evidence was sufficient to sustain Markoff's conviction for burglary.

The judgment of conviction is affirmed.

STATON and SULLIVAN, JJ., concur.