Joseph R. DESLOOVER, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 25A03–0001–CR–16.

Court of Appeals of Indiana.

Aug. 28, 2000.

Transfer Denied Nov. 2, 2000.

Jeffrey L. Sanford, South Bend, Indiana, Attorney for Appellant.

Karen M. Freeman–Wilson, Attorney General of Indiana, Grant H. Carlton, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

DARDEN, Judge

### STATEMENT OF THE CASE

Joseph Desloover appeals his conviction by jury of burglary as a class B felony. We reverse.

### ISSUE[1]

Whether there is sufficient evidence to support his conviction.

### FACTS

In the early morning hours of January 9, 1999, Ovel Tousley was sleeping when she heard her doorbell ring. Minutes later, Tousley heard her bedroom window being broken. She took her revolver out from under her pillow, pulled back the bedroom curtain, saw 20 year-old Desloover crawling in her window and shot him. Desloover fled and was subsequently apprehended. He was charged with, among other things, burglary. The information alleged that Desloover "did break and enter the dwelling of Ovel J. Tousley ... with the intent to commit ... theft." (R. 7).

At trial, Dustin Whiteman, Tousley's neighbor and Desloover's friend, testified that Desloover talks about breaking into houses "every time when he gets drunk." (R. 351). Whiteman further testified that Desloover was at his house until approximately 12:30 a.m. on January 9, 1999. The two men were drinking alcohol and working on Desloover's car. Indiana State Police Trooper Jason Faulstich testified that Desloover told him that he was at a friend's house when he hurt his hand. He went next door to Tousley's house in order to use the phone. When he rang the doorbell, he heard a bang and ended up in the hospital. The jury convicted Desloover of, among other things, burglary.

1. Desloover also raises an instructional issue which we need not address because of our

### DECISION

■ Our standard of review for sufficiency of the evidence is well settled. *Neuhoff v. State,* 708 N.E.2d 889, 893 (Ind. Ct.App.1999). We neither reweigh the evidence nor judge the credibility of witnesses. *Id.* Rather, we examine the evidence most favorable to the State along with all reasonable inferences to be drawn therefrom. *Id.* If there is sufficient evidence to support the conviction, it will not be set aside. *Id.*

■ Ind.Code § 35–43–2–1 provides in pertinent part that a "person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary.... [T]he offense is a Class B felony ... if the building or structure is a dwelling...." Here, Whiteman testified that Desloover talks about breaking into houses every time he gets drunk. Whiteman did not testify as to Desloover's intent when Desloover talked about breaking into houses. The jury found that Desloover broke and entered Tousley's dwelling with an intent to commit theft therein.

Desloover argues that there is insufficient evidence to support his conviction. Specifically, he contends that "[t]here is no evidence ... that [he] intended to commit theft inside the dwelling of the victim." Desloover's Brief, p. 13. We agree.

■ Intent to commit a given felony may be inferred from the circumstances, but some fact in evidence must point to an intent to commit a specific felony. *Justice v. State,* 530 N.E.2d 295, 297 (Ind.1988). Intent may not be inferred from mere proof of breaking and entering alone. *Id.* Similarly, evidence of flight alone may not be used to infer intent, though other factors, such as the removal of property from the premises, may combine with flight to prove the requisite intent for burglary. *Id.*

disposition of the case.

Evidence of breaking and entering and evidence of flight are not probative unless tied to some other evidence which is strongly corroborative of the actor's intent to commit a specific felony. *Id.* The evidence does not need to be insurmountable, but it must provide a " 'solid basis to support a reasonable inference' " that the defendant intended to commit the underlying, specifically charged felony. *Id.* (quoting *Gilliam v. State*, 508 N.E.2d 1270, 1271 (Ind.1987)).

In the *Justice* case, Justice broke and entered the dwelling of Tammy Bryant. He walked into Bryant's bedroom and approached her. She noticed that he had black socks on his hands. When Bryant confronted Justice about his presence in her home, Justice fled. He was convicted of breaking and entering Bryant's dwelling with the intent to commit theft therein.

On appeal, our supreme court observed that although there was evidence of breaking and entering and flight, there was no evidence that Justice "touched, disturbed or even approached any valuable property." *Id.* Finding no inference suggesting an intent to commit theft, our supreme court found insufficient evidence to support Justice's burglary conviction.

Our supreme court reached a similar result in *Gebhart v. State*, 531 N.E.2d 211 (Ind.1988). Therein, Gebhart pried open the back door of Shirley Roddy's house. When Gebhart saw Roddy and her daughter looking at him, he fled. He was convicted of attempted burglary for attempting to break and enter Roddy's dwelling with intent to commit theft therein.

On appeal, our supreme court explained as follows in reversing Roddy's conviction:

> The evidence here is insufficient in probative value to warrant the conclusion of a rational trier of fact, to a moral certainty beyond a reasonable doubt, that appellant had the intent to steal from the house. It might well support that conclusion by preponderance of the evidence, but then this is a criminal case and not a civil one. It might well support the conclusion that appellant intended some undetermined sort of wrongdoing, mischief, misdeed, or immoral or illegal act. However that is not the issue to be resolved. A criminal conviction for burglary requires proof beyond a reasonable doubt of a specific criminal intent which coincides in time with the acts constituting the breaking and entering, and such specific criminal offense must be clearly stated in the charge. It is the crime as defined in the burglary statute which was charged in this case and must have been proved. The evidence might well support a conviction for the crime defined in I.C. 35–43–2–2, criminal trespass, however that charge was not made. . . .
>
> This conviction for burglary cannot withstand appellate scrutiny upon the claim of insufficient evidence of intent to steal. It is therefore reversed.

*Id.* at 212.

The facts before us are analogous to those in *Justice* and *Gebhart.* Specifically, although there is evidence of breaking and entering and flight, there is absolutely no evidence that Desloover touched, disturbed or even approached valuable property. *See Justice.* Further, although the evidence in this case might well support a conviction for the crime defined in Ind. Code § 35–43–2–1.5, residential entry,[2] that charge was not made.[3] *See Gebhart.* There is insufficient evidence that Desloover intended to commit theft in Tousley's dwelling. His burglary conviction therefore cannot stand.

Reversed and defendant ordered discharged as to this offense.

MATTINGLY, J., concurs.

---

2. I.C. § 35–43–2–1.5 provides that a "person who knowingly or intentionally breaks and enters the dwelling of another person commits residential entry, a Class D felony."

3. Neither the State nor the defendant requested lesser-included offense instructions.

BROOK, J., concurs with separate opinion.

BROOK, Judge, concurring

The majority reaches the correct result. Based upon the precedent established in *Justice* and *Gebhart,* I am bound to concur. However, the jurisprudential philosophy of this precedent betrays common human experience. These cases dictate that we may not infer a defendant's intent to commit theft from the time and manner of his conduct.

Here, prior to the incident, Desloover stated that he wanted to break into houses in the area. In the early morning, a time at which he would likely be undetected, Desloover approached Tousley's home. After ringing the doorbell and receiving no response, Desloover went to a bedroom window and broke into Tousley's home. As explanation for his conduct, Desloover stated that he went to Tousley's home to use the phone.

Although Desloover spoke about breaking into houses, he did not indicate what he intended to do once he entered Tousley's house. Further, despite Desloover's implausible explanation and the time and manner of his conduct, we are precluded from inferring his intent to commit theft from these facts. Thus, we are left with the untenable result that an intruder, acting alone, who breaks into a home and is immediately thwarted can only be convicted of residential entry, a Class D felony, while an intruder who breaks into a home and reaches for a jewelry box before being apprehended can be convicted of residential burglary, a Class B felony. *See Markoff v. State,* 553 N.E.2d 194, 195 (Ind.Ct. App.1990) (holding that evidence that defendant had reached through a broken window at a Dairy Queen and that his hand was on or above the cash register constituted evidence that he touched, disturbed, or approached valuable property and provided sufficient inference of intent).

In my view, it is reasonable to rely on common human experience to establish that the person entered a structure or dwelling with the intent to commit theft. As Judge Garrard wrote in *Faulkner v. State:*

The problem arises from how the proof—the totality of the circumstances—is treated. And it arises typically in cases such as this where an accused is interrupted in his activity, usually by police responding to some form of alarm, before he has had time to fully manifest his underlying intent, whatever it may be.

As a problem in syllogistic reasoning there certainly remains a gap in attempting to conclude from the evidence of the activity present the specific intent held in the mind of the accused. That problem has been previously noted by our courts. *See, e.g., Crawford v. State* (1968), 251 Ind. 437, 241 N.E.2d 795 (Arterburn, J. and Lewis, C.J. dissenting).

Yet it appears to me that this problem is peculiarly subject to Mr. Justice Holmes' oft-quoted classic admonition that "the life of the law has not been logic; it has been experience."

Thus, common human experience tells us that when a person (a) breaks and enters a dwelling or other building where valuables are kept, or might reasonably be expected to be kept; (b) he does so when the regular occupants are away or expected to be away and at a time or in a manner that his entry is likely to be undetected by passersby; and (c) he does so in the absence of circumstances tending to negate a felonious intent or, indeed, demonstrating an intent to commit a different felony, there exists a reasonable inference that the person entered with the intent to commit a theft.

I believe that was the essence of the court's analysis and holding in *Lisenko v. State* (1976), 265 Ind. 488, 355 N.E.2d 841 (DeBruler, J. and Prentice, J. dissenting) which has never been expressly

overruled although *Gebhart* and *Robinson* appear to do so *sub silencio*.

It seems to me that the practical difficulty may derive from a tendency to simply assume that in the absence of evidence that the accused rifled drawers or had the jewels in his pocket, there is "nothing more" than the evidence that he broke and entered. As indicated above, I would find that the other circumstances surrounding the entry may themselves be sufficient to establish a reasonable inference that the entry was made with the intent to steal.

To hold otherwise, it seems to me, is a repeal of the statute defining attempted burglary as a crime, unless the accused or an accomplice confesses. It also misses what human experience tells us is most probably true.

*Faulkner v. State,* 556 N.E.2d 1, 2–3 (Ind. Ct.App.1989) (Garrard, J., concurring).

The holdings of *Justice* and *Gebhart* penalize the use of efficient law enforcement methods, such as alarm systems. It is troubling that the homeowner who awakes to find an intruder in her house must stand by and risk the loss of property or personal injury before the intruder may be convicted of burglary, even though the intruder can provide no plausible explanation for his presence.