Terral P. WORMBLY,
Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 02A03–8907–CR–313.

Court of Appeals of Indiana,
Third District.

Feb. 13, 1990.

Donald C. Swanson, Jr., Swanson & Campbell, Fort Wayne, for defendant-appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

Terral P. Wormbly appeals his conviction in the Allen Superior Court of class C burglary. Wormbly presents four issues on appeal, which we restate and renumber as follows:

(1) Whether the trial court erred when it refused to give Wormbly's tendered jury instruction on criminal trespass as a lesser included offense.

(2) Whether the trial court erred when it gave the state's tendered jury instruction on Wormbly's responsibility for the acts of his accomplice.

(3) Whether the trial court erred when it admitted over objection state's exhibits 8 through 22.

(4) Whether there was sufficient evidence to find Wormbly guilty of burglary.

We affirm.

### Facts

At about 12:16 a.m., December 19, 1988, Fort Wayne police officers discovered Wormbly on a ladder leading up to the door to the attic over the Angle Inn in Fort Wayne. Wormbly was covered with black dust. The police entered the inn and discovered that a hole had been knocked through the ceiling above the area of the bar containing liquor, wine, other merchandise and cash. The police also heard voices from the attic; and when they returned outside, they discovered Troy Lee Ash exiting the same attic door and also covered with black dust. When they investigated the attic, they discovered that the attic door had been forced open by prying the hasp loose. Inside the attic they found a flashlight and a flight bag filled with tools. The inside of the attic was coated with black dust. They also discovered a hole knocked through the floor and into the bar below.

### Discussion and Decision

Wormbly tendered the following instruction, which the trial court refused to give:

The crime of criminal trespass is defined as follows:

A person who, not having a contractual interest in the property, knowingly or intentionally enters the premises without the owner's consent, commits Criminal Trespass, a Class A misdemeanor. If you find from the evidence that the State has failed to prove all the necessary elements, beyond a reasonable doubt, of the crime of Burglary, but find that Defendant was knowingly or intentionally on the premises of the Angle Inn without the consent of the business establishment, you may find Defendant guilty of Criminal Trespass, an included offense.

Wormbly contends the trial court's refusal was error.

■■■■ Inherently included offenses are those in which the elements of the lesser offense are necessarily committed during the commission of the charged offense. *Hack v. State* (1982), Ind.App., 437 N.E.2d 486, 488. Criminal trespass is not an inherently included offense of burglary. *Goodpaster v. State* (1980), 273 Ind. 170, 175, 402 N.E.2d 1239, 1242; *Hack, supra,* at 489. Criminal trespass can be an included offense of burglary if elements of criminal trespass are alleged in the charging instrument. *Jones v. State* (1982), Ind., 438 N.E.2d 972. The information in this case only charges elements which would constitute burglary. The exclusion of elements of criminal trespass in the information prevents the offense from being included in this case. Therefore, the instruction was properly refused.

■■■■ Wormbly also contends it was error for the court to give the state's tendered instruction which stated that, "When two or more persons combine to commit a crime, each is criminally responsible for the acts of his confederate(s) committed in furtherance of the common design, the act of one being the act of all." Wormbly argues that no evidence was presented by the state that he had acted in concert with another person. The evidence, however, shows that Wormbly and Ash were covered with the same black dust as had been found in the attic over the Angle Inn. Ash had been apprehended while exiting from the attic. From this evidence, the fact finder may infer that both had been in the attic and were planning to use the hole one or both had made in the floor to enter the inn. The instruction was correctly tendered.

■■■■ Wormbly also argues that the court incorrectly admitted state's exhibits 8 through 22 into evidence. He contends the exhibits are irrelevant. Exhibits 8, 9, 10 and 12 are photographs of the premises as

they looked after the alleged burglary. Exhibit 11 is a photograph of Wormbly in custody and shows his appearance after the burglary. Exhibit 13 is a similar photograph of Ash. As a general rule, photographs, films and diagrams are admissible if they illustrate a matter about which a witness has been permitted to testify. *Clifford v. State* (1985), Ind., 474 N.E.2d 963, 972. The conditions of the premises and of the alleged perpetrators are matters about which witnesses had testified. The photographs were admissible.

 Exhibits 14 through 22 were the tools that the investigating officers had found in the attic. Wormbly argues these were also irrelevant because they were not shown to have been used in the crime and they were not shown to have been in Wormbly's possession. The trial court has wide discretion in determining the relevancy of offered exhibits. Evidence may be admitted even where there is only a slight tendency to connect the defendant with the offense. *Patel v. State* (1989), Ind., 533 N.E.2d 580, 584; *Martin v. State* (1988), Ind., 528 N.E.2d 461, 463. Here the evidence shows that the alleged perpetrators entered through an attic door by prying loose the hasp which kept the door closed. Inside the attic were tools, namely a hammer, two screwdrivers, pliers, a wire cutter, a chisel, a knife and a flashlight, contained in a yellow flight bag. The inference is that at least some of these tools were used by one of the perpetrators to enter the attic. Their relevance may be slight; nevertheless, the court did not abuse its discretion in admitting them over Wormbly's objection.

Finally, Wormbly argues that the evidence was insufficient to find him guilty of burglary because the state has not proven an intent to commit theft as alleged in the information. He argues no property was found in his possession, and none was missing from the bar. All he contends had been proven was that he had been in the building. Mere entry into a building is not sufficient to prove intent to commit a felony. *Justice v. State* (1988), Ind., 530 N.E.2d 295, 297. In *Justice*, the

supreme court found that there was no evidence that the defendant had touched, disturbed or even approached valuable property. Therefore, no intent had been established. *Id.* In the case at bar, however, the evidence showed that both Wormbly and Ash had been in the attic and that a hole had been knocked through the floor into an area of the bar below that contained merchandise and cash. It can be inferred that Wormbly and Ash were approaching valuable property for the purpose of taking it when the police interrupted their approach.

On appeal, we neither weigh evidence nor judge the credibility of witnesses. We examine the evidence most favorable to the judgment and will not disturb the verdict if there is substantial evidence of probative value from which the jury might reasonably infer guilt beyond a reasonable doubt. *Edwards v. State* (1986), Ind., 500 N.E.2d 1209, 1211. We are satisfied that there is substantial evidence of probative value to support the verdict.

Affirmed.

CHEZEM, P.J., and STATON, J., concur.