ATTORNEY FOR APPELLANT
C. Robert Rittman
Grant County Public Defender
Marion, Indiana

ATTORNEYS FOR APPELLEE
Stephen R. Carter
Attorney General of Indiana

Scott L. Barnhart
Deputy Attorney General
Indianapolis, Indiana

### In the
# Indiana Supreme Court

No. 27S02-0606-CR-240

OTIS FRESHWATER,

*Appellant (Defendant below)*,

v.

STATE OF INDIANA,

*Appellee (Plaintiff below)*.

Appeal from the Grant Superior Court, No. 27D01-0503-FC-43
The Honorable Jeffrey D. Todd, Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 27A02-0510-CR-1003

**September 12, 2006**

**Sullivan, Justice.**

Defendant Otis Freshwater was convicted of burglary. He appeals, contending that the State did not prove one of the essential elements of the crime of burglary: that, when he broke into and entered a building, he did so with the intent to commit theft. Long-standing precedent of this Court dictates that "some fact in evidence must point to an intent to commit a specific fel-

ony." We agree with Freshwater that there was no such evidence here and reverse the judgment of the trial court.

## Background

On the night of June 30, 2002, Terry Covey was sitting on his front porch and observed a man wearing light-colored shorts attempt to enter Rich's Car Wash in Marion, Indiana. Covey observed the man try unsuccessfully to enter through two different doors. Shortly thereafter the man went out of Covey's sight and appeared inside the building. When the car wash alarm sounded, the man ran out of the building and Covey called the police.

Soon after receiving a call about the break in, Officer Chris Butche of the Marion Police Department spotted Otis Freshwater, who matched Covey's description of the man who broke into the car wash. Officer Butche noticed that Freshwater was carrying a screwdriver in his right hand and asked Freshwater to give it to him. Officer Butche was then informed by another officer that a screwdriver had likely been used during the break in. Sergeant Delmiro Garcia later determined that Freshwater's screwdriver matched the pry marks on the car wash door.

Rich Orell, the owner of the car wash, received a phone call about the break in and arrived on the scene shortly after the alarm sounded. There was a cash register with money in the building, but Orell testified that there was nothing missing and that he did not think the office had been disturbed at all.

Freshwater was charged with and convicted by a jury of burglary, a Class C felony, and being a habitual offender. In a memorandum opinion, the Court of Appeals affirmed the judgment of the trial court. Freshwater v. State, 846 N.E.2d 375 (Ind. Ct. App. 2006) (mem.). Freshwater petitioned to, and we granted, transfer. No. 27S02-0606-CR-240, 2006 Ind. LEXIS 566 (Ind. June 28, 2006).

## Discussion

The Indiana Code provides, "A person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony." Ind. Code section 35-43-2-1 (1998). To establish the intent to commit a felony element of a burglary charge, the State must prove beyond a reasonable doubt the defendant's intent to commit a felony specified in the charge. Justice v. State, 530 N.E.2d 295, 296 (Ind. 1988). "Where the State cannot establish intent to commit a particular underlying felony, criminal trespass is the appropriate charge." Id. Freshwater argues that the State did not present sufficient evidence to support a finding that he intended to commit theft. The State maintains that while it is true that nothing appeared to have been taken from the car wash, it may be reasonably inferred from the circumstances that Freshwater intended to commit theft. The State directs our attention to the facts that (1) he broke in at night after the car wash was closed; (2) he attempted to enter the building at several points; and (3) he fled immediately following the sounding of the alarm.

## I

In reviewing a claim of insufficient evidence, the Court considers only the evidence most favorable to the verdict and any reasonable inferences that may be drawn from that evidence. Id. "If a reasonable finder of fact could determine from the evidence that the defendant was guilty beyond a reasonable doubt, then we will uphold the verdict." Id. (citing Loyd v. State, 272 Ind. 404, 398 N.E.2d 1260 (Ind. 1980), cert. denied, 449 U.S. 881 (1980)). While there is sufficient evidence here to conclude that Freshwater broke into the car wash, there is not sufficient evidence, based on our precedent in Justice and Gebhart v. State, 531 N.E.2d 211 (Ind. 1988), for a jury reasonably to infer Freshwater had specific intent to commit theft.

In Justice, the defendant entered Tammy Bryant's home and walked into her bedroom wearing black socks on his hands. When Bryant recognized the defendant and called his name, he turned around and immediately left the house. When the police arrived, they discovered that a screen had been removed from a dining room window and left on the ground outside and that the

back door had been left open.  The State charged the defendant with burglary, specifically break-ing and entering with intent to commit theft.  Justice, 530 N.E.2d at 296.

We observed that "[i]ntent to commit a given felony may be inferred from the circum-stances, but some fact in evidence must point to an intent to commit a specific felony."  Id. at 297.  We concluded that while there was evidence of breaking and entering, there was no fact in the evidence that provided a solid basis to support a reasonable inference that the defendant had the specific intent to commit theft.  We explained:

> Intent to commit a felony may not be inferred from proof of breaking and entering alone.  Timmons v. State, 500 N.E.2d 1212 (Ind. 1986).  Similarly, evidence of flight alone may not be used to infer intent, though other factors, such as the re-moval of property from the premises, may combine with flight to prove the requi-site intent for burglary.  Sargent v. State, 156 Ind. App. 469, 297 N.E.2d 459 (Ind. Ct. App. 1973).
>
> Evidence of breaking and entering, and evidence of flight are not proba-tive unless tied to some other evidence which is strongly corroborative of the ac-tor's intent.  The evidence does not need to be insurmountable, but it must provide 'a solid basis to support a reasonable inference' that the defendant intended to commit the underlying felony.  Gilliam [v. State], 508 N.E.2d [1270,] 1271 [(Ind. 1987)].  While there is evidence of breaking and entering, and evidence of flight in this case, there is no evidence that Justice touched, disturbed or even ap-proached any valuable property.

Id.

The relevant facts in Gebhart were similar.  In Gebhart, the defendant knocked on Shirley Roddy's front door.  Roddy observed him through a one-way glass in the door but did not answer the knock.  Minutes later, the defendant pried open the back door of the house with a tire iron. Roddy and her daughter called the police and left the house.  When the defendant saw Roddy and her daughter looking at him, he fled.  The defendant was captured by the police and charged with and convicted of attempted burglary.  Gebhart, 531 N.E.2d at 211-12.

On appeal, we again considered the issue raised here: the sufficiency of the evidence of intent to commit theft in a burglary case.  We concluded:

4

The evidence here is insufficient in probative value to warrant the conclusion of a rational trier of fact, to a moral certainty beyond a reasonable doubt, that appellant had the intent to steal from the house. It might well support that conclusion by a preponderance of the evidence, but then this is a criminal case and not a civil one. It might well support the conclusion that appellant intended some undetermined sort of wrongdoing, mischief, misdeed, or immoral or illegal act. However that is not the issue to be resolved. A criminal conviction for burglary requires proof beyond a reasonable doubt of a specific criminal intent which coincides in time with the acts constituting the breaking and entering, and such specific criminal offense must be clearly stated in the charge. It is the crime as defined in the burglary statute which was charged in this case and which must have been proved. The evidence might well support a conviction for . . . criminal trespass, however that charge was not made.

Gebhart, 531 N.E.2d at 212.[1]

There is language in several opinions of the Court of Appeals to the effect that a lesser quantum of evidence than that demanded by Justice and Gebhart will satisfy the intent to commit a felony element in a burglary case. For example, in Gray v. State, the Court of Appeals said that "[t]he intent to commit a felony can be inferred from the time, force, and manner of entry if there is no evidence that the entry was made with some lawful intent." 797 N.E.2d 333, 336 (Ind. Ct. App. 2003). Gentry v. State has similar language. 835 N.E.2d 569, 573 (Ind. Ct. App. 2005).[2] As should be clear from the foregoing discussion, this is not a correct statement of the law. Justice and Gebhart dictate that in order to sustain a burglary charge, the State must prove a specific fact that provides a solid basis to support a reasonable inference that the defendant had the specific intent to commit a felony. No such fact was proven here. The time at and method

---

[1] The Court distinguished the facts in Gebhart from those in Slaton v. State, 510 N.E.2d 1343 (Ind. 1987). In Slaton, we found that evidence that the defendant entered and rummaged about in a car before breaking and entering the residence was sufficient to infer the defendant's intent to steal. We found, "It was the evidence of that additional conduct in searching about in the car which brought the evidence of Slaton's intent to steal to the sufficiency level. There is no such additional measure of evidence here." Gebhart, 531 N.E.2d at 212.

[2] While Gray and Gentry articulate this principle, their holdings do not rest on its application; in both cases, the State proved specific facts from which the requisite intent could be inferred. See Gray, 797 N.E.2d at 336 (intent properly inferred when defendant was found "leaning into a car that had its door handle and stereo removed"); Gentry, 835 N.E.2d at 573 (intent properly inferred after defendant was seen walking straight to and inspecting an empty pill bottle where pills had previously been found missing). See also Desloover v. State, 734 N.E.2d 633 (Ind. Ct. App. 2000), trans. denied, 741 N.E.2d 1258 (Ind. 2000), in which the Court of Appeals correctly applies Justice and Gebhart.

by which Freshwater entered the car wash suggest nothing more than that he broke in. He could have done so for any number of reasons that do not include theft. The State has failed to provide evidence that his reason was to commit theft.

## II

The State argues that evidence is sufficient to show intent to steal where the defendant was found near or approaching valuable property when interrupted. The State argues, "it can be reasonably inferred that Freshwater was approaching valuable property [presumably the money in the cash register] for the purposes of taking it when the alarm interrupted his entry into the building." Br. of Appellee at 10 (citing Sipes v. State, 505 N.E.2d 796, 797 (Ind. 1987) (affirming a burglary conviction where the defendant was observed standing near a table with money on it); Wormbly v. State, 550 N.E.2d 95, 97 (Ind. Ct. App. 1990), trans. denied (Ind. 1990) (affirming a burglary conviction where it could be inferred that the defendant was approaching valuable property for the purpose of taking it when the police interrupted his approach)).

The facts here, however, are different than those in Sipes and Wormbly. There is no evidence that Freshwater was near or approaching anything valuable in the car wash. Freshwater was discovered by the police outside the building. Furthermore, Orell, the owner of the car wash, testified that nothing was missing from the building or the cash register and that the office appeared to have been undisturbed.

## Conclusion

We reverse the judgment of the trial court.

Shepard, C.J., and Dickson, Boehm, and Rucker, JJ., concur.

6