**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 15 2012, 9:31 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PATRICIA CARESS McMATH**
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KARL M. SCHARNBERG**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOHN MITCHEM, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A04-1108-CR-421 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Stanley Kroh, Judge
Cause No. 49G03-1103-FB-13286

**March 15, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, John Mitchem (Mitchem), appeals his conviction for Count I, burglary, a Class B felony, Ind. Code § 35-43-2-1 and Count II, theft, a Class D felony, I.C. § 35-43-4-2.

We affirm.

## ISSUE

Mitchem raises one issue on appeal, which we restate as: Whether the State presented sufficient evidence to sustain Mitchem's conviction for burglary beyond a reasonable doubt.

## FACTS AND PROCEDURAL HISTORY

During November 2010 through January 2011, Mitchem was staying intermittently with his uncle, Zearl Mitchem (Zearl). Mitchem slept on the couch a few days each week and kept some of his clothes at the apartment. He was not named on the lease and did not contribute to paying the bills.

On January 17, 2011, Zearl dropped Mitchem off at the Blood Center so Mitchem could donate plasma. Zearl intended to pick Mitchem back up when he was finished donating. Meanwhile, Zearl drove to a nearby White Castle to have coffee. While waiting, Zearl looked through his mail and discovered that Mitchem had charged more than $300 to Zearl's Comcast account. Angered by the excessive and unauthorized charge, Zearl left Mitchem stranded at the Blood Center and returned to his apartment.

Around 2 p.m. the following day, Mitchem returned to the apartment and knocked on the door. Zearl came to the door, and talking through the closed door told Mitchem "I'm not letting you in until you pay the cable bill." (Transcript pp. 39-40). Zearl walked away from the door and took a seat on the couch in the living room. A couple of minutes later, Mitchem broke down the door. Mitchem said, "[s]crew you," walked over to the couch and took two bottles of Zearl's pain medication that were standing on a makeshift table next to the couch. (Tr. p. 17). Mitchem exited the apartment.

On March 15, 2011, the State filed an Information charging Mitchem with Count I, burglary, a Class B felony, I.C. § 35-43-2-1 and Count II, theft, a Class D felony, I.C. § 35-43-4-2. On July 15, 2011, the trial court conducted a bench trial. At the close of the evidence, the trial court took the matter under advisement and found Mitchem guilty as charged on July 22, 2011. On August 2, 2011, the trial court sentenced Mitchem to a total sentence of fourteen years executed with six years executed, eight years suspended, and one year of probation.

Mitchem now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Mitchem contends that the State failed to present sufficient evidence to sustain his conviction for burglary beyond a reasonable doubt. In reviewing a sufficiency of the evidence claim, this court does not reweigh the evidence or judge the credibility of the witnesses. *Perez v. State*, 872 N.E.2d 208, 212-13 (Ind. Ct. App. 2007), *trans. denied*. We will consider only the evidence most favorable to the verdict and the reasonable inferences to be drawn therefrom and will affirm if the evidence and those inferences

constitute substantial evidence of probative value to support the judgment. *Id*. at 213. Reversal is appropriate only when reasonable persons would not be able to form inferences as to each material element of the offense. *Id*.

To convict Mitchem of burglary, as a Class B felony, the State was required to establish beyond a reasonable doubt that Mitchem broke and entered Zearl's apartment with intent to commit a felony. *See* I.C. § 35-43-2-1. Mitchem now asserts that the State failed to prove that he intended to commit theft when he kicked in the door and entered his uncle's residence.

Burglars rarely announce their intentions at the moment of entry, so the intent to commit a given felony is one fact which may be inferred from the circumstances. *Gilliam v. State*, 508 N.E.2d 1270, 1271 (Ind. 1987), *reh'g denied*. However, intent to commit a felony may not be inferred from proof of breaking and entering alone. *Freshwater v. State*, 853 N.E.2d 941, 943 (Ind. 2006). In order to sustain a burglary charge, the State must prove a specific fact that provides a solid basis to support a reasonable inference that the defendant had the specific intent to commit a felony. *Id*. at 944.

In support of his argument that he had no intent to commit theft when entering the apartment, Mitchem distinguishes his situation from *Jewell v. State*, 672 N.E.2d 417 (Ind. Ct. App. 1996). In *Jewell*, Jewell broke into his ex-wife's house where she was asleep with her boyfriend. *Id*. at 421. Jewell hit the boyfriend over the head with a 2X4, amputated his penis with a knife, and fed the severed penis to the dog. *Id*. Although the ex-wife woke up during the attack, she thought she was having a bad dream and went

4

back to sleep. *Id.* Several days before the attack took place, Jewell had told a friend that he was going to hit his ex-wife's boyfriend with a 2X4 and cut off his penis. *Id.* Discussing the sufficiency of the evidence to support Jewell's conviction for burglary, we noted that the element of intent to commit a felony may be inferred from the subsequent conduct of the defendant inside the premises. *Id.* at 427. Taking Jewell's statement to his friend into account and his conduct inside the house, we found that the State had met its burden of proof. *Id.*

Referencing *Jewell*, Mitchem claims that because he did not announce his intent to commit theft prior to entering his uncle's residence, his conviction for burglary cannot stand. We disagree. Despite his uncle's statement that he was no longer welcome, Mitchem broke down the door, said "[s]crew you," took Zearl's pain medication, and walked back out. (Tr. p. 17). Mitchem's statement clearly indicates a frustration with being refused entrance and a determination to get back at his uncle. This statement coupled with Mitchem's actions inside the apartment support an inference that he intended to commit theft. *See Anderson v. State*, 426 N.E.2d 674 (Ind. 1981) *overruled on other grounds by Rhyne v. State*, 446 N.E.2d 970 (Ind. 1983) (intruder who said, "look, there's a big old T.V., too heavy to carry," intended theft). The evidence clearly extends beyond a mere entry and supports a reasonable inference that Mitchem intended to commit theft when he entered Zearl's apartment. Based on the facts before us, we conclude that the State presented sufficient evidence from which the trial court could reasonably infer that Mitchem had committed burglary.

CONCLUSION

5

Based on the foregoing, we conclude that the State presented sufficient evidence to sustain Mitchem's conviction.

Affirmed.

BARNES, J. and BRADFORD, J. concur