RILEY, Judge,
dissenting.
I respectfully dissent from the majority’s decision to affirm Oster’s conviction for burglary because I find insufficient evidence to support the conviction. Oster argues that the “there was no evidence of felonious intent to commit theft after the breaking and entering the Large Ink *880 building.” (Appellant’s Br., p. 5). In order to convict a person of burglary, the State must prove beyond a reasonable doubt that he or she broke and entered the building or structure of another person with intent to commit a felony in it. I.C. § 35-43-2-1. Here, Oster does not deny that he broke and entered Large Ink’s building. Rather, he argues that the State failed to present sufficient evidence to prove that he did so with intent to commit a felony therein.
To establish the “intent to commit a felony” element of a burglary charge, the State must prove beyond a reasonable doubt the defendant’s intent to commit the felony specified in the charging information. Freshwater v. State, 853 N.E.2d 941, 942 (Ind.2006). Intent to commit a given felony may be inferred from the circumstances, but some fact in evidence must point to a fact to commit the specified felony. Id. at 943. The evidentiary inference pointing to the defendant’s intent must be separate from the inference of the defendant’s breaking and entering. Justice v. State, 530 N.E.2d 295, 297 (Ind.1988).
Requiring independent evidence of intent is necessary to maintain the distinction between burglary and other criminal offenses involving property invasion such as criminal trespass, Ind.Code § 35-43-2-2, or residential entry, Ind.Code § 35-43-2-1.5. Permitting the felonious intent element to be inferred from the inference of breaking and entering would render the intent element meaningless and read it out of the statute. See Faulkner v. State, 260 Ind. 82, 87, 292 N.E.2d 594, 596 (1973) (“If the Legislature had intended to punish a breaking and entry by itself, as we have here, they would not have added the second element of specific intent. A reading of the statute clearly indicates that both elements are included.”).
Here, the State alleged, and was required to prove, that Oster had the intent to commit theft when he broke and entered Large Ink. Oster claims that the State failed to meet its burden. Freshwater, 853 N.E.2d at 941, is instructive. There, Freshwater broke into a car wash but ran out when the alarm sounded. Id. When he was apprehended by the police, Freshwater was carrying a screwdriver that matched pry marks on the car wash door. Id. However, there was no evidence that Freshwater touched anything when he was inside the car wash or that he took anything with him when he left. Id. Freshwater was charged with and convicted of burglary. Id.
On appeal, the Indiana Supreme Court explained that, “in order to sustain a burglary charge, the State must prove a specific fact that provides a solid basis to support a reasonable inference that the defendant had the specific intent to commit a felony.” Id. The court concluded that no such fact had been proven against Freshwater. Id. There was no evidence that he was near or approaching anything valuable in the car wash, there was nothing missing from the building or cash register, and the office appeared to have been undisturbed. Id. The court therefore reversed Freshwater’s conviction. Id. at 945.
Similarly, in Justice, 530 N.E.2d at 295, Justice entered Tammy Bryant’s home and walked into her bedroom wearing black socks on his hands. Id. When Bryant recognized him and called his name, Justice immediately left the house. Id. When the police arrived, they discovered that a screen had been removed from a dining room window and left on the ground outside and that the back door had been left open. Id. The State charged Justice breaking and entering Bryant’s residence *881 with intent to commit theft. Id. A jury convicted him of burglary. Id.
On appeal, the Indiana Supreme Court concluded that there was no fact in evidence that provided a solid basis to support a reasonable inference that the defendant had the specific intent to commit theft. Id. at 297. Although there was evidence of breaking and entering, there was no evidence that Justice touched, disturbed, or even approached any valuable property. Id. Accordingly, the court reversed Justice’s conviction. Id.
Here, as in Freshwater and Justice, the State has failed to prove a specific fact that provides a solid basis to support a reasonable inference that Oster had the specific intent to commit a felony. The method by which Oster entered the building suggests nothing more than that he broke in. He could have done so for any number of reasons that do not include theft. There is no evidence that Oster touched anything or took anything with him during his brief time in Large Ink. Except for the broken window, nothing in the business was disturbed. The fact that Oster was apprehended with two screwdrivers and a pair of pliers does not change this result.
Although the evidence in this case might well support the conclusion that Oster “intended some undetermined sort of wrongdoing, mischief, misdeed, or immoral or illegal aet[,] that is not the issue to be resolved.” Freshwater, 853 N.E.2d at 943 (quoting Gebhart v. State, 531 N.E.2d 211, 212 (Ind.1988)). Where the State cannot establish intent to commit a particular underlying felony, criminal trespass is the appropriate charge. I would therefore reverse Oster’s burglary conviction.