# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 06 2016, 6:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joel C. Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Ellen Meilaender
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kevin Terry,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

December 6, 2016

Court of Appeals Case No.
11A05-1605-CR-1010

Appeal from the Clay Circuit Court

The Honorable Joseph D. Trout, Judge

Trial Court Cause No.
11C01-1509-F1-660

**Bradford, Judge.**

# Case Summary

[1] During the early morning hours of September 30, 2015, Appellant-Defendant Kevin Terry forcibly entered the garage of Darlene Greenley. Upon entering Greenley's garage, Terry, who was accompanied by a pit bull and armed with a machete, demanded that Greenley let him in her home. These demands where threatening in nature. Greenley notified the police. When the police arrived, Terry was placed under arrest. During a search incident to Terry's arrest, police recovered two condoms, a sexual device, and a baggie containing what was later determined to be methamphetamine.

[2] Terry was subsequently charged with (1) Level 1 felony attempted rape, (2) Level 2 felony attempted burglary, (3) Level 5 felony intimidation, (4) Level 6 felony attempted residential entry, (5) Level 6 felony possession of methamphetamine, and (6) Class A misdemeanor criminal mischief. Following a jury trial, Terry was found guilty of attempted burglary, intimidation, attempted residential entry, possession of methamphetamine, and criminal mischief. The trial court subsequently merged the attempted residential entry conviction with the attempted burglary conviction and sentenced Terry to an aggregate twenty-five year term.

[3] On appeal, Terry challenges the sufficiency of the evidence to sustain his attempted burglary conviction. Concluding that the evidence is sufficient to sustain the challenged conviction, we affirm.

# Facts and Procedural History

[4] Greenley arrived home from her shift as a registration clerk at the Putnam County Hospital at approximately 1:40 a.m. on September 30, 2015. Upon arriving home, Greenley parked her vehicle in her home's attached garage. The garage door was broken, so Greenley used a pole placed inside the tracking to prop the door up and keep it open. Greenley went into her home through the door in the garage, leaving the garage door propped open. After entering her home, Greenley locked and deadbolted the door. She also placed a dining room chair underneath the doorknob as extra security.

[5] A few minutes later, Greenley heard the garage door crash down. She ran to the door to confirm by pulling back the curtain to look through a glass panel into the garage. Greenley observed Terry, a shirtless "very large man" standing in her garage with a leashed pit bull and armed with a machete. Tr. p. 258. Terry, who was holding the machete blade towards Greenley "in a threatening manner," said "You have a big, black n[*****] in your garage now b[****]. What you gonna do?" Tr. p. 259. Greenley responded, "Call the cops. Get out of my house." Tr. p. 259. Greenley then screamed for one of her two daughters who were present in the home to bring her the telephone so that she could call 911.

[6] While Greenley called 911, her daughter sat on the floor against the door and used the car keys to continuously hit the panic button to sound the car alarm. While Greenley's daughter continued to hit the panic button, Terry said to

"Turn off the alarm," tr. p. 325, and to "Just open the door. Let me in." Tr. p. 283. Greenley and her two daughters then heard loud banging noises from the garage. Terry also indicated that Greenley was a "dumb white b[****] who hasn't been f[*****] and needed to get some." Tr. p. 325.

[7] When the police arrived, Greenley led the responding officers to her garage through her residence, as they could not enter the garage any other way. Once in the garage, the responding officers saw the machete on the hood of Greenley's vehicle with about half of the blade stuck in between the hood and the front quarter panel. They also observed Terry. When the responding officers instructed Terry to leave the garage, he told them that his dog was "vicious" and could not be let go. Tr. p. 345. Greenley provided the officers with a leash to tie the dog to the railing of the garage. Terry was then placed under arrest and escorted from the garage.

[8] During a search incident to Terry's arrest, officers recovered the following from Terry's person: (1) two Trojan brand condoms, (2) a silver metal ring, and (3) a plastic white container holding a baggie of what was later determined to be .65 grams of methamphetamine. The silver ring found on Terry was determined to be a steel "cock ring" which is a sexual device used by men to "restrict blood flow of the penis so that an erection is sustained for a longer period" of time. Tr. p. 486.

[9] It was subsequently determined that Terry had caused approximately $3000 worth of damage to Greenley's vehicle. Terry also caused damage to the door

into the home that appeared to be hack or slash marks that appeared to be caused by the point of the machete.

[10] On September 30, 2015, Appellee-Plaintiff the State of Indiana ("the State") charged Terry with the following crimes: (1) Level 1 felony attempted burglary, (2) Level 1 felony attempted rape, (3) Level 6 felony possession of methamphetamine, and (4) Class A misdemeanor criminal mischief. The State subsequently filed an amended charging information in which it reduced the attempted burglary charge from a Level 1 to Level 2 felony and added charges of Level 5 felony intimidation and Level 6 felony attempted residential entry.

[11] The case proceeded to trial, at the conclusion of which the jury found Terry guilty of attempted burglary, intimidation, criminal mischief, possession of methamphetamine, and attempted residential entry but not guilty of attempted rape. During an April 5, 2016 sentencing hearing, the trial court merged the conviction of Level 6 felony attempted residential entry into the Level 2 felony attempted burglary and sentenced Terry to an aggregate term of twenty-five years. This appeal follows.

# Discussion and Decision

[12] Terry contends that the evidence is insufficient to sustain his conviction for Level 2 felony attempted burglary.

> When reviewing the sufficiency of the evidence to support a
> conviction, appellate courts must consider only the probative
> evidence and reasonable inferences supporting the verdict. It is

the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. To preserve this structure, when appellate courts are confronted with conflicting evidence, they must consider it most favorably to the trial court's ruling. Appellate courts affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.

*Drane v. State*, 867 N.E.2d 144, 146-47 (Ind. 2007) (citations, emphasis, and quotations omitted). "In essence, we assess only whether the verdict could be reached based on reasonable inferences that may be drawn from the evidence presented." *Baker v. State*, 968 N.E.2d 227, 229 (Ind. 2012) (emphasis in original). Upon review, appellate courts do not reweigh the evidence or assess the credibility of the witnesses. *Stewart v. State*, 768 N.E.2d 433, 435 (Ind. 2002).

[13] Indiana Code section 35-43-2-1 provides that "[a] person who breaks and enters the building or structure of another person, with intent to commit a felony or theft in it, commits burglary, a Level 5 felony." However, the offense is a Level 2 felony if it: "(A) is committed while armed with a deadly weapon; or (B) results in serious bodily injury to any person other than a defendant[.]" Ind. Code § 35-43-2-1(3). Indiana Code section 35-41-5-1(a) further provides that "[a] person attempts to commit a crime when, acting with the culpability required for commission of the crime, the person engages in conduct that

constitutes a substantial step toward commission of the crime." "An attempt to commit a crime is a felony or misdemeanor of the same level or class as the crime attempted." Ind. Code § 35-41-5-1(a). Thus, in order to prove that Terry committed the charged Level 2 felony offense, the State was required to prove that Terry, while armed with a deadly weapon, attempted to break and enter the building of another with the intent to commit a felony or theft therein.

[14] In challenging his conviction, Terry argues that the evidence is insufficient to prove that he had the requisite mens rea, *i.e.*, that he intended to commit a felony or theft once inside Greenley's home. "Intent, being a mental state, can only be established by considering the behavior of the relevant actor, the surrounding circumstances, and the reasonable inferences to be drawn therefrom." *Richardson v. State*, 856 N.E.2d 1222, 1227 (Ind. Ct. App. 2006) (citing *Davis v. State*, 791 N.E.2d 266, 270 (Ind. Ct. App. 2003), *trans. denied*). The Indiana Supreme Court has held that in order to sufficiently prove a burglary charge, "the State must prove a specific fact that provides a solid basis to support a reasonable inference that the defendant had the specific intent to commit a felony." *Freshwater v. State*, 853 N.E.2d 941, 944 (Ind. 2006). The evidence to prove intent, however, "need not be insurmountable, but only provide a solid basis to support a reasonable inference that the defendant intended to commit the underlying felony charged." *Gilliam v. State*, 508 N.E.2d 1270, 1271 (Ind. 1987). "In other words, the evidence must support each inference—felonious intent and breaking and entering—independently, and neither inference should rely on the other for support." *Baker v. State*, 968

N.E.2d 227, 230 (Ind. 2012). "This is not to say, however, that the same piece of evidence cannot support both inferences." *Id*.

[15] Here, the State alleged that Terry intended to commit either the felony of rape or battery. At the time of his attempted entry into Greenley's home, Terry (1) was not wearing a shirt, (2) was armed with a machete, (3) had what he described to be a "vicious" pit bull with him, tr. p. 345, (4) acted in a threatening manner, and (5) had condoms and a steel "cock ring" on his person. Tr. p. 486. Again, a "cock ring" is a sexual device used by men in an effort to sustain an erection "for a longer period" of time. Tr. p. 486. Terry also made comments indicating that Greenley was a "dumb white b[****] who hasn't been f[*****] and needed to get some." Tr. p. 325. One could also reasonably infer that Terry attempted to conceal himself in Greenley's garage by causing the garage door to close.

[16] Upon review, we conclude that Terry's statements, together with (1) the threatening manner which he acted, (2) the condoms and sexual device recovered from Greenley's person, and (3) the inference that he actively tried to conceal himself in Greenley's garage are sufficient to create a reasonable inference that Terry intended to commit the felony of rape once inside Greenley's home. Terry's claim to the contrary amounts to nothing more than an invitation for this court to reweigh the evidence, which we will not do. *See Stewart*, 768 N.E.2d 433, 435.

[17] The judgment of the trial court is affirmed.

Vaidik, C.J., and Brown, J., concur.