# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 21 2017, 8:26 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Troy D. Warner
Deputy Public Defender
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Sanchez Dupree Martin,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 21, 2017

Court of Appeals Case No.
71A05-1611-CR-2674

Appeal from the St. Joseph
Superior Court

The Honorable Jeffrey L. Sanford,
Judge

Trial Court Cause No.
71D03-1605-F5-95

**Bailey, Judge.**

# Case Summary

After a bench trial, Sanchez Dupree Martin ("Martin") was convicted of Burglary, as a Level 5 felony,[1] and was sentenced to six years imprisonment. He now appeals, raising for our review the sole question of whether there was sufficient evidence to sustain the conviction.

We affirm.

# Facts and Procedural History

In March 2016, Martin and another man introduced themselves to Joseph Adams ("Adams"), a digital artist who was working with a South Bend-based organization, Project Impact. Adams was renovating space that Hardy Blake ("Blake"), Project Impact's director and the building's owner, had been using for storage. Adams planned to convert the space to use for his work in digital art and to provide training to others in how to work in that field. Adams was painting, and Martin and his companion asked if they could do some work for Adams. Adams agreed and paid the men $50 each. Martin worked for a period of time, but eventually left.

A few days later, Adams encountered Martin again, and Martin again offered to do some work for Adams. Adams asked Martin to pass out flyers advertising

---

[1] Ind. Code § 35-43-2-1.

Adams's business at a car show. Adams also gave Martin a tablet computer to use for the task, because some of Adams's artwork and videography was visible on the tablet. Adams asked Martin to take care of the tablet and return it as soon as he was done with it. Martin took the flyers and the tablet, but did not return.

[5] A few days after that, on March 21, 2016, Adams had finished working on his space at Project Impact for the evening. Around midnight, Adams locked the door and returned to his residence in Benton Harbor, Michigan. At around four in the morning on the following day, March 22, 2016, the burglar alarm was activated at Project Impact.

[6] When police responded, no one was present, but glass next to the building's door had been broken and the door was unlocked. The window that had been broken had a hole in the glass large enough for a person to reach an arm through to open the door. Police investigation revealed that there was blood on a portion of the broken glass, and there were several drops of blood on the floor.

[7] Police notified Blake of the break-in, and Blake in turn notified Adams. Adams left his home at around 4:30 a.m. and arrived at the scene some time later. Adams determined that one of his computers was missing.

[8] Later that morning, Adams received a phone call from Martin asking about what had happened. Adams indicated that he was too upset to talk about the day's events.

[9] Subsequent investigation identified Martin as a suspect, and DNA testing confirmed that Martin's blood was on the broken glass. Adams later identified Martin from a line-up at the South Bend Police Department.

[10] On May 25, 2016, the State charged Martin with Burglary, as a Level 5 felony.

[11] A bench trial was conducted on August 8, 2016, at the conclusion of which the trial court took the matter under advisement.

[12] On August 12, 2016, the court found Martin guilty as charged and entered a judgment of conviction against him. A sentencing hearing was conducted on September 9, 2016, at the conclusion of which the court sentenced Martin to six years imprisonment.

[13] This appeal ensued.

# Discussion and Decision

[14] Martin challenges the sufficiency of the evidence supporting his conviction. Our standard of review for such challenges is well settled:

> This court will not reweigh the evidence or assess the credibility of witnesses. *Cox v. State*, 774 N.E.2d 1025, 1028 (Ind. Ct. App. 2002). Only the evidence most favorable to the judgment, together with all reasonable inferences that can be drawn therefrom will be considered. *Id.* If a reasonable trier of fact could have found the defendant guilty based on the probative evidence and reasonable inferences drawn therefrom, then a conviction will be affirmed. *Id.* at 1028–29.

*Sargent v. State*, 875 N.E.2d 762, 767 (Ind. Ct. App. 2007).

[15] The State charged Martin with Burglary, as a Level 5 felony. To convict Martin as charged, the State was required to prove beyond a reasonable doubt that Martin knowingly broke into and entered the building of Project Impact, with the intent to commit theft therein. *See* I.C. § 35-43-2-1; App'x Vol. 2 at 4.

[16] Martin contends that the State proved no more than that Martin "was in the wrong place at the right time" (Appellant's Br. at 11), and that there was insufficient evidence of intent to commit theft. With respect to the first of these, Indiana courts have reversed convictions for burglary when a defendant was "in the 'right place at the wrong time,'" particularly when the evidence at trial establishes nothing more than opportunity to commit the charged offense. *McMahel v. State*, 609 N.E.2d 1175, 1177 (Ind. Ct. App. 1993). Martin likens his case to these prior cases.

[17] We disagree with Martin's characterization of the evidence. The evidence in this case that favors the judgment is that Martin was familiar with the premises of Project Impact and was aware of the items inside it. In the early morning hours of March 22, 2016, a burglar alarm was activated, a door Adams testified he had locked was opened, and a computer was taken. A window next to the building's door had been broken, and the hole in the glass was large enough for a person's arm to reach through and unlock and open the door from the inside. The glass around the hole had blood on it. That blood was tested, and the DNA results indicated that only one in seven trillion persons could carry that

DNA—in other words, the DNA results statistically excluded every person *except* Martin. The trial court could reasonably infer that Martin broke the glass, reached his arm through the glass, opened the door, and entered the building. That Martin testified at trial that he was present at the scene to investigate what happened did not require that the trial court accept his testimony as true, and we decline Martin's invitation to reweigh the evidence in this respect.[2]

[18] Martin also argues that there was insufficient evidence of intent to commit theft. "To establish the intent to commit a felony element of a burglary charge, the State must prove beyond a reasonable doubt the defendant's intent to commit a felony specified in the charge." *Freshwater v. State*, 853 N.E.2d 941, 942 (Ind. 2006). Evidence of breaking and entering is not probative unless tied to some other evidence which is strongly corroborative of the actor's intent. *Id.* (citations omitted).

[19] Here, Martin contends the State did not provide sufficient evidence to establish the intent to commit theft—indeed, Martin insists "[t]here is no evidence that Martin intended to commit a theft." (Appellant's Br. at 11.) We again disagree with Martin's argument. Notably, Adams testified that a computer that cost

---

[2] We note in this regard that the statement of facts in Martin's brief presents the evidence that favors Martin's account of events on March 22, 2016, not those that favor the judgment as required by our Appellate Rules, and we remind counsel of this requirement. *See* Ind. Appellate Rule 46(A)(6)(b) (providing that "[t]he facts shall be stated in accordance with the standard of review appropriate to the judgment or order being appealed").

him around $2000, with that value exclusive of software and copies of much of his digital artwork, was taken during the burglary. The trial court was entitled to conclude that the apparent commission of theft at the same time as the occurrence of a break-in was sufficient to establish the intent element of the Burglary charge. We accordingly conclude that there was sufficient evidence to sustain the conviction.

[20]   Affirmed.


Najam, J., and May, J., concur.