# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 16 2017, 10:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Sean P. Hilgendorf
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Collin Alan Williams, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | October 16, 2017 <br><br> Court of Appeals Case No. 71A04-1704-CR-810 <br><br> Appeal from the St. Joseph Superior Court <br><br> The Honorable Jeffery L. Sanford, Judge <br><br> Trial Court Cause No. 71D03-1603-FC-5 |

**Barnes, Judge.**

# Case Summary

Collin Alan Williams appeals his conviction for burglary as a class C felony. We affirm.

# Issue

The sole issue before us is whether sufficient evidence supports Williams's conviction.

# Facts

At approximately 2:30 a.m. on July 12, 2013, South Bend Police Department officers responded to 220 East Bowman Street—a vacant house—regarding a noise complaint. Officers Adonis Joseph and Corey Calvert examined the premises and, finding the front door locked and the windows intact and locked, determined that the property was secure and left the scene. Approximately one and one-half hours later, Officers Joseph and Calvert were again dispatched to the premises. The same caller reported that there were people inside the house.

Officer Joseph observed that the front door was unlocked and that a side window was open. He heard "what sounded like somebody walking around inside." Tr. p. 29. He then heard someone walk toward the window and the sound of breaking glass. A person jumped from the window. Officer Joseph gave chase but was unable to catch the subject. A second person ran from the house but also eluded capture.

[5] A crime scene technician retrieved a partial palmprint from the inner pane of the broken window as well as a fresh blood sample on a shard of glass on the ground outside. Copper wire was "just scattered throughout" the backyard. *Id.* at 32. In the basement of the house, the officers observed "a lot of wires hanging. It looked like it had been cut." *Id.* Wires leading into and inside the circuit breaker box had been cut. Forensic testing established that the blood and palmprint belonged to Williams.

[6] The police notified Anne Peterson, the homeowner. She told the officers that, just a day or two before the incident, she was on the premises, cleaning and painting the house in preparation to rent it. She reported leaving the premises in good, undamaged condition, with the doors and windows intact and locked, and the yard "pretty picked up." *Id.* at 64.

[7] On March 22, 2016, the State charged Williams with burglary as a class C felony. He was tried by jury on February 9 and 10, 2017. At trial, the parties tendered an agreed stipulation stating that the palmprint and blood evidence at the house belonged to Williams. He was found guilty as charged and now appeals.

## Analysis

[8] Williams claims that the evidence presented by the State was insufficient to prove the "breaking" element of burglary or that he "inten[ded] to commit a felony" inside the house. When reviewing the sufficiency of the evidence, we consider only the probative evidence and reasonable inferences supporting the

verdict. *Drane v. State,* 867 N.E.2d 144, 146 (Ind. 2007). We do not assess witness credibility or reweigh evidence. *Id.* We affirm the conviction unless "no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt." *Id.* (quoting *Jenkins v. State,* 726 N.E.2d 268, 270 (Ind. 2000)). It is not necessary that the evidence overcome every reasonable hypothesis of innocence. *Id.* at 147. The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.* A conviction for burglary may be sustained by circumstantial evidence alone. *Klaff v. State,* 884 N.E.2d 272, 275 (Ind. Ct. App. 2008).

[9] The offense of burglary is governed by Indiana Code Section 35-43-2-1, which provides that "[a] person who breaks and enters the building or structure of another person, with intent to commit a felony in it, commits burglary, a Class C felony." Thus, to convict Williams, the State had to prove that he broke and entered Peterson's house at 220 East Bowman Street, with intent to commit a felony inside.

[10] Williams first challenges the sufficiency of the evidence to sustain a finding that he "broke" into the house. Our supreme court has addressed the element of "breaking," stating: "Using even the slightest force to gain unauthorized entry satisfies the breaking element of the crime. For example, opening an unlocked door or pushing a door that is slightly ajar constitutes a breaking." *Davis v. State,* 770 N.E.2d 319, 322 (Ind. 2002) (internal citations omitted). Williams concedes that he was in the house without the owner's permission but claims that the State presented no direct or indirect evidence of a "breaking." *See*

Appellant's Br. p. 8. ("'The State proved only that Williams broke and exited the house, but submitted no evidence to prove beyond a reasonable doubt that Williams 'broke and entered.'"). It is well-settled that the breaking element may be proved using circumstantial evidence alone. *Payne v. State,* 777 N.E.2d 63, 66 (Ind. Ct. App. 2002); *see also Jacobs v. State,* 454 N.E.2d 894, 899-900 (Ind. Ct. App. 1983) ("The trial court could reasonably infer from the defendants' very presence in the victim's kitchen without her permission that they exerted some force, *i.e.*, pushing the door open, sufficient for them to gain entry.").

[11] Here, Officer Joseph testified that he was dispatched to the house and found the front door and windows secure and locked. He testified further that when he returned an hour and one-half later, he found the front door unlocked and the side window open. A reasonable inference may be drawn that Williams exerted force to enter the premises through the window that the police found ajar or through the unlocked front door. *See Roach v. State,* 451 N.E.2d 388, 395 (Ind. Ct. App. 1983) (finding sufficient evidence of "breaking and entering" where clinic window was broken and mud prints throughout matched defendant's footprint recovered below the window). The State presented sufficient evidence from which the jury could reasonably have concluded that Williams broke and entered Peterson's premises.

[12] Next, Williams contends that the State failed to demonstrate that he intended to commit a felony—namely, theft—inside the house. "Intent may not be inferred from the mere proof of breaking and entering alone." *Desloover v. State,* 734

N.E.2d 633, 634 (Ind. Ct. App. 2000), *trans. denied.* Rather, "some fact in evidence must point to an intent to commit a specific felony." *Id.* Our supreme court has reemphasized that evidence of breaking and entering and evidence of flight are not probative unless tied to some other evidence that is strongly corroborative of the actor's intent to commit a specific felony. *Freshwater v. State,* 853 N.E.2d 941, 943 (Ind. 2006). The evidence does not need to be insurmountable, but it must provide a "solid basis to support a reasonable inference" that the defendant intended to commit the underlying, specifically charged felony. *Id.* Because intent is a mental state of the actor, the trier of fact must resort to reasonable inferences based upon examination of the surrounding circumstances to determine intent. *Markoff v. State,* 553 N.E.2d 194, 195 (Ind. Ct. App. 1990).

[13] There is evidence here beyond that of breaking, entering, and flight. The pre-dawn hour, the fact that the wiring inside the house was recently cut, and that wiring was strewn throughout the backyard, coupled with Williams's decision to flee by jumping through a glass window to evade the police, are circumstances from which the jury could conclude that he entered the premises with the intent to commit theft. *See Baker v. State,* 968 N.E.2d 227, 231 n.4 (Ind. 2012) ("Absent evidence of some lawful intent, the jury could conclude from the time, force, and manner of the entry that [defendant] intended to commit the felony of theft.").

[14] The jury's verdict was supported by sufficient evidence. For the foregoing reasons, we affirm Williams's burglary conviction.

# Conclusion

[15] Sufficient evidence exists to support Williams's conviction for class C felony burglary.[1]  We affirm.

Affirmed.

May, J., and Bradford, J., concur.

---

[1] Williams's remaining arguments—that the State failed to prove that the wires found in the backyard of the house came from the victim's house; that the wires in evidence were of differing sizes and colors; that Peterson never identified the wires retrieved from the backyard as being from her home; and that Peterson never testified that anything was stolen from her house—are essentially requests that we should reweigh the evidence, which we cannot not do.  *See Drane,* 867 N.E.2d at 146.